## HUB PUBLISHING CO. *v.* RICHARDSON·*et al.*

*(Supreme Court, General Term, First Department.   March 13, 1891.)*

1. PROMOTERS OF A COMPANY—PERSONAL LIABILITIES.

    Promoters of a company, who order work to be done and goods to be supplied for the company before it is formed, if the company is never actually incorporated, are liable for the work so done and the articles furnished, either as agents acting without an existing principal, or as having made themselves personally liable.

2. REVIEW ON APPEAL.

    The finding of a jury, on sufficient· evidence, that such a contract was made by promoters, notwithstanding their denial, being upon a question of fact, will not be reviewed on appeal.

Appeal from circuit court, New York county.

Action by the Hub Publishing Company against Charles A. Richardson and John A. Robinson.   The summons was not served on the defendant Robinson, and he did not appear or answer, and the action proceeded against the defendant Richardson alone.   He appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Rollin Tracy*, for appellant. *Hornblower & Byrne*, (*James Byrne*, of counsel,) for respondent.

DANIELS, J. The action was brought upon an account for making and publishing prospectuses of the Victoria Hansom Cab Company, for envelopes and other things delivered by the plaintiff. It was averred in support of the liability of the defendant that the contract was made by himself and Robinson, who was not served with the summons, for the creation of the indebtedness. This was denied on his part, and the substantial issue presented for trial was the truth of this allegation. On the part of the plaintiff, evidence was given tending to establish the fact that the defendant Richardson, together with Robinson, ordered this work to be done, and the other articles to be furnished; and if that was the fact, as the jury must have found it to have been proved, notwithstanding the contradiction by the defendant himself as his evidence was given, then the judgment seems to have been right; for, while the work and material were ordered for the Victoria Hansom Cab Company, that company had not been formed at the time, and never was brought into existence as a corporation. The defendant and Robinson, according to the testimony, as the jury had the right to act upon it, were engaged as the promoters of this company; and, as the company itself never existed as a corporation, they could very well be held liable, under the evidence given on the part of the plaintiff, for the amount of the bill incurred to it in this manner, (*Scott* v. *Ebury*, 2 L. R. 2 C. P. 255;) and also on the ground that as agents they were acting without an existing principal, (*Kelner* v. *Baxter*, Id. 174.) The jury, if they believed the testimony given in support of the claim, as they appear to have done, could very well conclude that the defendant had made himself personally liable for the payment of the demand; for it would then follow that it was created at his instance and request, without the disclosure of any existing principal which he could make liable for the indebtedness. *Plate Co.* v. *Green*, 72 N. Y. 17. The evidence, as it was produced, presented no more than a question of fact for the jury; and the case was fairly submitted to them, and their verdict against the defendant cannot, under the well-settled principles applicable to it, be disturbed by the court. The judgment and order should therefore be affirmed, with costs.