Jane RING, Plaintiff,

v.

ESTEE LAUDER, INC., Defendant.

No. 88 Civ. 0112 (DNE).

United States District Court,
S.D. New York.

Dec. 20, 1988.

Weingrad & Weingrad, P.C. (Stephen A. Weingrad, New York City, of counsel), for plaintiff.

Weiss Dawid Fross Zelnick & Lehrman, P.C. (Allan Zelnick and Barbara Solomon, New York City, of counsel), for defendant.

## MEMORANDUM & ORDER

### EDELSTEIN, District Judge:

Plaintiff, Jane Ring, has filed the instant action against the defendant, Estee Lauder, Inc. ("Lauder"), alleging four claims: (1) unjust enrichment and breach of fiduciary duty; (2) common law fraud; (3) misappropriation of a trade secret; and (4) copyright infringement. After substantially all discovery had been completed, Lauder moved this court for an order, pursuant to Fed.R. Civ.P. 56, granting summary judgment as to each of the four claims. Oral argument was heard on the motion on December 15, 1988. For the reasons set forth below, defendant's motion is granted.

## FACTS

In 1984, Ms. Ring conceived a new technique to promote sales of cosmetics. It involves videotaping what is commonly known in cosmetics retailing as a "makeover." A representative of the cosmetics company applies make-up to a customer in a store, while she explains the products she is using, their purpose, and how to apply them. The process, along with the explanation and questions and answers, are recorded on the video tape. The customer is allowed to keep the tape, thereby enabling her to review the application and use of each product suggested by the sales representative.

Ms. Ring offered this idea to the defendant, one other cosmetics manufacturer, and two retail stores. Lauder, after reviewing her proposal, expressed interest in the idea but declined to hire Ms. Ring to organize a one week in-store test of the promotion, citing the $10,000 cost as prohibitive for such a promotion. Ms. Ring asserts she informed Lauder at the first meeting between the two that her proposal was confidential. In 1986, Lauder began conducting an in-store promotion that was, in all significant respects, identical to the proposal Ms. Ring had made two years earlier. It was this Lauder promotion that gave rise to the instant action.

## DISCUSSION

### A. *State Law Claims*

In order to grant summary judgment the court must find that there is "no genuine issue as to any material fact." Fed.R. Civ.P. 56(c). *See Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed. 2d 762 (1987). In considering a summary judgment motion the court must view the facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party opposing the motion, however, cannot rely simply on the allegations or denials of his pleadings, but must demonstrate by sufficient evidence specific facts showing that there are genuine issues of material fact. *Corselli v. Coughlin,* 842 F.2d 23 (2nd Cir.1988); Fed.R.Civ.P. 56(e).

██ New York law is abundantly clear that a plaintiff is not entitled to relief under any theory for theft of an idea, absent proof that the idea was novel or original. *See Murray v. National Broadcasting Co., Inc.,* 844 F.2d 988, 992 (2d Cir.1988); *Downey v. General Foods Corp.,* 31 N.Y. 2d 56, 334 N.Y.S.2d 874, 877, 286 N.E.2d 257 (N.Y.Ct.App.1972); *Educational Sales Programs, Inc. v. Dreyfus Corp.,* 65 Misc. 2d 412, 317 N.Y.S.2d 840, 845 (Sup.Ct.N.Y. 1970). It is also clear that in this Circuit, the question whether an idea is sufficiently novel or original to merit protection under New York law is amenable to summary disposition. *See Murray, supra,* 844 F.2d at 992. Thus, it is appropriate for this

court to consider whether Ms. Ring's idea is sufficiently novel or original to be protectible. Because the defendant concedes that Ms. Ring's idea for a video makeover was original, the court focuses its attention on the issue of novelty.

■ There is no dispute that makeovers have been a common promotional technique in the cosmetics industry for years. There is also no dispute that, with the proliferation of video cassette recorders in the home, a variety of self-improvement techniques have been marketed in video format. It is also undisputed that prior to Ms. Ring's proposal it was common for cosmetics retailers to provide customers with memorializations of the in-store makeover in a number of formats. For instance, customers were commonly given a diagram to which the products used in the makeover were applied. In addition, some retailers have provided audio tapes of the makeover for the customer to take home.

Thus, it is apparent that the video makeover concept is a variation on the general theme of demonstrating the application of cosmetics to customers and giving the customer a memorialization of that demonstration. Moreover, the ingredients of Ms. Ring's video makeover proposal were all in the public domain when she made her proposal. It is clear, however, that an idea which is a variation on a basic theme will not support a finding of novelty. *Murray, supra*, 844 F.2d at 993; *Surplus Equipment, Inc. v. Xerox Corp.*, 120 A.D.2d 582, 502 N.Y.S.2d 491, 492 (2d Dep't 1986). It is equally clear that "[i]mprovement of standard technique or quality, the judicious use of existing means, or the mixture of known ingredients in somewhat different proportions—all variations on a basic theme—all partake more of the nature of elaboration and renovation than of innovation." *Educational Sales, supra*, 317 N.Y.S.2d at 844.

Ms. Ring's idea was clearly a good one, and probably a profitable one judging from its subsequent adoption by various retailers and manufacturers. Nevertheless, "not every 'good idea' is a legally protectible idea." *Educational Sales, supra*, 317 N.Y.S.2d at 843. The law of New York as

interpreted by the courts of the state and this Circuit requires a finding of novelty or originality. The court finds that the video makeover concept was neither novel nor original. There is no genuine issue of material fact regarding the issue of novelty and, accordingly, the court finds the first three claims of Ring's complaint must be dismissed as a matter of law. Fed.R.Civ.P. 56.

## B. *Copyright Claim*

■ Before presenting her idea to potential users, Ms. Ring filed a copyright registration of the sample tape she had made. Her fourth claim alleges an infringement of that copyright. As will become clear, that claim too must be dismissed.

It is axiomatic that an idea cannot be copyrighted, it is only the unique expression of ideas that can be copyrighted. 17 U.S.C. § 102(b); *Warner Bros., Inc. v. American Broadcasting Companies*, 654 F.2d 204, 208–09 (2d Cir.1981). Thus, Ms. Ring obviously has no claim for the misappropriation of her video makeover *concept*. Her copyright covers the sample videotape she produced for prospective clients. The allegedly infringing video makeovers are clearly different in that different women are made-over and different explanations given. By its essence every video makeover is unique, even by plaintiff's own account. Thus, it is clear that the only aspect of plaintiff's copyrighted videotape that can be copied is the idea, which is not copyrightable. 17 U.S.C. § 102(b).

■ Moreover, it is apparent from plaintiff's response to the defendant's summary judgment motion that there is no genuine issue of material fact that needs to be litigated with respect to the copyright claim. Defendant's Statement of Disputed Facts Pursuant to Local Rule 3(g) ("Defendant's 3(g) Statement") states in paragraph 12 that the plaintiff registered the prototype video cassette as a motion picture and was informed the copyright only covers this particular makeover, and not those of other individuals. Plaintiff's 3(g) statement does not object to or deny the truth of paragraph 12. Pursuant to Local

Rule 3(g) that fact may be deemed admitted by the plaintiff. Accordingly, plaintiff admits that the copyright only covers the specific tape in question.[1] This result alone would enable this court to grant summary judgment on the copyright claim.

In summary, there can be little doubt that the only arguable infringement here was of plaintiff's idea, which is not copyrightable under federal law, nor protectible under state common law.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is granted in all respects. Plaintiff's complaint is hereby dismissed.

SO ORDERED.

---

1. Plaintiff's memorandum of law in opposition to defendant's summary judgment motion does not even discuss or mention the copyright claim. This certainly is some indication of the seriousness with which plaintiff is pressing the copyright claim.