**Jane RING, Plaintiff–Appellant,**

v.

**ESTEE LAUDER, INCORPORATED, Defendant–Appellee.**

**No. 1007, Docket 89–7043.**

United States Court of Appeals, Second Circuit.

Argued April 13, 1989.

Decided May 4, 1989.

Penny Shemtob, New York City (Stephen A. Weingrad, Weingrad & Weingrad, New York City, on the brief), for plaintiff-appellant.

Allan Zelnick, New York City (Weiss Dawid Fross Zelnick & Lehrman, New York City, on the brief), for defendant-appellee.

Before NEWMAN, CARDAMONE, and WINTER, Circuit Judges.

PER CURIAM:

Jane Ring appeals from a judgment of the District Court for the Southern District of New York (David N. Edelstein, Judge) dismissing on motion for summary judgment her complaint against Estee Lauder, Inc. *Ring v. Estee Lauder, Inc.,* 702 F.Supp. 76 (S.D.N.Y.1988). Ring alleged copyright infringement and state law claims all arising out of defendant's use of an idea that plaintiff contends she furnished to the defendant in confidence. The essence of the idea is to furnish a cosmetics customer a videotape cassette of a "make-over" session at which a cosmetician instructs the customer as to appropriate application of cosmetics.

■ The copyright claim fails, as the District Court concluded, because the defendant's videotapes do not use any of the protectable expression contained in the plaintiff's videotape. The similarity is limited to the idea of having a cosmetician apply make-up to a customer, instruct her in the proper application, and furnish her with a videotape of the procedure. Plaintiff attempts to establish similarity beyond these unprotectable elements by pointing to such factors as the camera position, the angle of photography, and the closeness of the lens. These elements sometimes may be protectable expression in the context of visual works such as photographs, television advertisements, or videocassettes. *See Chuck Blore & Don Richman, Inc. v.*

20/20 Advertising, Inc., 674 F.Supp. 671, 677 (D.Minn.1987); Kisch v. Ammirati & Puris Inc., 657 F.Supp. 380, 382 (S.D.N.Y. 1987). But in this case, where the purpose of both the defendant's tapes and the plaintiff's tape is to demonstrate the application of make-up, none of the similarities between the tapes reflect anything other than the ordinary means of implementing the underlying idea, means that are too inseparable from the idea itself to warrant protection as expression. Cf. Affiliated Hospital Products, Inc. v. Merdel Game Manufacturing Co., 513 F.2d 1183, 1188–89 (2d Cir.1975) (rules of a game unprotectable and protected scope of expression of rules is narrow); Frybarger v. International Business Machines Corp., 812 F.2d 525, 530 (9th Cir.1987) ("indispensable" expression of similar ideas protected only against virtually identical copying). We agree with the District Court that as a matter of law, no reasonable jury could find the similarities between the tapes extended beyond these unprotectable elements. The copyright claim therefore was properly rejected.

■ The District Court rejected the state law claims on the ground that Ring's idea lacked the requisite novelty to be protected under state law.[1] See Downey v. General Foods Corp., 31 N.Y.2d 56, 334 N.Y.S.2d 874, 286 N.E.2d 257 (1972); Murray v. National Broadcasting Co., 844 F.2d 988 (2d Cir.1988) (applying New York law). Undisputed evidence revealed that prior to 1983, when plaintiff first conveyed her idea to defendant, defendant had been videotaping makeovers and telecasting them for viewing by other customers at Estee Lauder counters. In addition, many years before, Charles of the Ritz had been furnishing audiotapes of makeovers to its customers. These facts may well support the conclusion that furnishing to customers a videocassette of a makeover was not a novel

idea protectable under New York law. But we prefer to rest decision on the undisputed evidence that prior to Lauder's first use of the idea, Lauder's personnel had seen it used by Orlane, one of Lauder's competitors, at the Neiman–Marcus store in Boston.[2] This observation of the public use of the idea by a third party totally precludes plaintiff's claims. See Ferber v. Sterndent Corp., 51 N.Y.2d 782, 433 N.Y.S.2d 85, 412 N.E.2d 1311 (1980); Lemelson v. Kellogg Co., 440 F.2d 986 (2d Cir.1971).

The judgment of the District Court is affirmed.

---

**1.** New York requires a protectable idea to be both novel and original. See Downey v. General Foods Corp., 31 N.Y.2d 56, 62, 334 N.Y.S.2d 874, 877, 286 N.E.2d 257, 260 (1972) ("[W]hen one submits an idea to another, no promise to pay for its use may be implied, and no asserted agreement enforced, if the elements of novelty and originality are absent, since the property right in an idea is based upon these two elements."). The District Judge said that he was focusing on novelty because the defendant had

conceded that Ring's idea was original, 702 F.Supp. at 78; however, the Judge concluded that the idea was neither novel nor original, id.

**2.** A judgment of a district court may be affirmed on any ground for which there is a record sufficient to permit conclusions of law. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987).