ARICA INSTITUTE, INC., Plaintiff,

v.

Helen PALMER and Harper & Row Publishers, Inc., Defendants.

No. 90 Civ. 5153 (RPP).

United States District Court, S.D. New York.

Aug. 5, 1991.

---

Frankfurt, Garbus, Klein & Selz, New York City by Arthur J. Ginsburg, for plaintiff.

Schwab Goldberg Price & Dannay, New York City by Richard Dannay, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In an opinion and order dated April 9, 1991 the Court denied plaintiff's motion to enjoin release of the paperback edition of defendants' book *The Enneagram* in this copyright infringement action. Defendants now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint which also asserts claims for false designation of origin and common law unfair competition. The parties have asked the Court to decide the motion on the basis of the briefs, affidavits and evidence submitted in connection with the preliminary injunction motion and have waived oral argument. The facts are fully set forth in the Court's prior opinion, *Arica Inst., Inc. v. Palmer,* 761 F.Supp. 1056 (S.D.N.Y.1991). For the reasons set forth below, defendants' motion is granted.

## DISCUSSION

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

### 1. *Copyright Infringement*

It is undisputed that plaintiff has valid copyrights in its various training manuals, books and journals. To prove infringement, plaintiff must also demonstrate unauthorized copying by the defendant. *See Warner Bros. Inc. v. American Broadcasting Cos.,* 654 F.2d 204, 207 (2d Cir.1981). Copying may be inferred where a plaintiff establishes that the defendant had access to the copyrighted works and that there is substantial similarity between protected expression in the respective works. *Id.*

### a. Access

Access to a copyrighted work may be inferred when the defendant has had a "reasonable opportunity to view" plaintiff's work before creating his or her

own work. *See Gaste v. Kaiserman,* 863 F.2d 1061, 1067 (2d Cir.1988). On a motion for summary judgment, plaintiff must show " 'a reasonable possibility of access, not a bare possibility.' " *Novak v. National Broadcasting Co.,* 752 F.Supp. 164, 168 (S.D.N.Y.1990) (quoting *Ferguson v. National Broadcasting Co.,* 584 F.2d 111 (5th Cir.1978)). In other words, a finding of access to plaintiff's work may not be based on speculation or conjecture. *See Ferguson,* 584 F.2d at 113.

■ At the hearing, Helen Palmer ("Palmer") testified that she possessed only one of plaintiff's copyrighted works, *Interviews with Oscar Ichazo,* prior to writing *The Enneagram,* a guide to understanding human personality based on nine dominant personality types. Palmer has never enrolled in any training session offered by Arica. Arica's Executive Director Elliott Dunderdale testified that certain copyrighted works are not disseminated to the public at all and other works have limited dissemination. Plaintiff has failed to adduce any evidence raising a genuine issue of fact as to access to any work other than *Interviews with Oscar Ichazo. See Vantage Point, Inc. v. Parker Bros., Inc.,* 529 F.Supp. 1204, 1213 (E.D.N.Y.1981), *aff'd,* 697 F.2d 301 (2d Cir.1982).

### b. Substantial Similarity

■ The test of substantial similarity is whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal [of the two works] as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir. 1960). Although substantial similarity is often a factual issue precluding summary judgment, the Second Circuit has recognized that summary judgment may be appropriate in copyright infringement actions "either because the similarity between the two works concerns only 'non-copyrightable elements of the plaintiff's work' or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Warner Bros. Inc. v. American Broadcasting Cos.,* 720 F.2d 231, 240 (2d Cir.1983) (quoting *Hoehling v.*

*Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980)) (citations omitted). *See also Walker v. Time Life Films, Inc.,* 784 F.2d 44, 49 (2d Cir.) (district court may determine noninfringement as a matter of law), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986).

The Court in its prior opinion found numerous aspects of plaintiff's works uncopyrightable: Ichazo's system of nine ego fixations, the sequence or arrangement of the ego fixations within that system, individual words describing the traits of each ego fixation and the one- and two-word labels for points on the various enneagrams from which the system of ego fixations is derived. Any similarity between Ichazo's works and *The Enneagram* based on these non-copyrightable elements does not constitute copyright infringement. *See Ring v. Estee Lauder, Inc.,* 874 F.2d 109, 109–10 (2d Cir.1989); *Walker v. Time Life Films, Inc.,* 784 F.2d at 50–51. Accordingly, defendants' motion for summary judgment is granted insofar as plaintiff's infringement claim is based on these non-copyrightable elements. *See Warner Bros. Inc.,* 720 F.2d at 240.

### i. *Interviews with Oscar Ichazo*

Plaintiff submitted with its motion for a preliminary injunction a 388–page list of comparisons between text in plaintiff's various works and passages from *The Enneagram.* The list contains approximately 250 examples of expression allegedly copied from *Interviews with Oscar Ichazo.* Because Palmer concedes she had access to this work, these comparisons warrant careful scrutiny.

■ At least 200 of the 250 examples charge that Palmer copied single words such as "anger" or "indecision" from the labels appearing on the five enneagrams depicted in *Interviews with Oscar Ichazo.* Another 35 comparisons allege that Palmer copied ordinary phrases including "defensive," "personality," "essence," "absence," "false," "emotional life," "holy origin," "to gain love" and "he vacillates." Because neither the one-word enneagram labels nor the words and phrases common to psychological analysis possess the minimal level

of creativity necessary for copyright protection, these instances of similarity do not support plaintiff's claim for copyright infringement. *See Alexander v. Haley,* 460 F.Supp. 40, 46 (S.D.N.Y.1978) ("Words and metaphors are not subject to copyright protection."). *See also Salinger v. Random House, Inc.,* 811 F.2d 90, 98 (2d Cir.) (copyright protects a "sequence of creative expression" but not an ordinary phrase in isolation), *reh'g denied,* 818 F.2d 252 (2d Cir.), *cert. denied,* 484 U.S. 890, 108 S.Ct. 213, 98 L.Ed.2d 177 (1987). Accordingly, defendants' motion for summary judgment is granted insofar as plaintiff's infringement claim is based on similarities between these non-copyrightable elements. *See Warner Bros. Inc. v. American Broadcasting Cos.,* 720 F.2d at 240.

■ A smaller number of comparisons—fewer than twenty—allege that Palmer copied longer passages from *Interviews with Oscar Ichazo.* Even viewing these comparisons in the light most favorable to the plaintiff, no reasonable jury could find substantial similarity of copyrighted expression:

| Interviews with Oscar Ichazo | Palmer, The Enneagram |
| --- | --- |
| "... but he does not take responsibility for cultivating his essence." (p. 14) | "... by the Nine taking responsibility for finding out what is really essential in life." (p. 364) |
| "... he feels how far he is from being able to love and act authentically." (p. 14) | "... love out of habit rather than because the feeling is alive." (p. 363) |
| "In the same way, the remedy for indolence is in come way the remedy which cures all egos—the idea of holy love." (p. 14) | "... the ways in which each type opens to love ..." (p. 9) |
| "The indolent type goes out looking for the love and meaning he feels deprived of; .... The indolent fixation is at the head of the enneagon because it focuses on the most universal aspect of the ego's deprivation....— the idea of holy love." (p. 14) | "... then it inevitably leads to the sense of having lost what is most important in life." (p. 353) |
| "But in a perverse way, the seeker is ignorant about himself. He believes he knows all about other people." (p. 14) | "... are more aware of what others want than they are able to know what they want themselves." (p. 129) |
| "He believes he knows all about other people...." (p. 14) | "... see all points of view;" (p. 40) |
| | "... always know what other people want ..." (p. 359) |

Interviews with
Oscar Ichazo

Palmer, <u>The Enneagram</u>

"... feel themselves merging into what they suppose other people are feeling." (p. 369)

"They report that they can describe another person's point of view far better than their own." (p. 371)

"The task is to learn to tell the difference ... to sense the condition of others.... a lifelong habit of perceiving others through their own bodies. Their habit is to sense others within themselves...." (p. 374)

"Nines are often more able to describe the other's feelings than they are able to recognize their own." (p. 361)

"Nines say that it is for [sic] easier to know the inner condition of others than it is to find a viewpoint of their own." (p. 346–47)

"Nines can identify with other people's emotional needs, often feeling another's dilemma within themselves." (p. 362)

---

Accordingly, defendants' motion for summary judgment is granted as to these passages. *See Warner Bros. Inc. v. American Broadcasting Cos.*, 720 F.2d at 240.

■ What remains are the following three passages which could be found to exhibit substantial similarity to copyrighted expression:

Arica

Palmer, <u>The Enneagram</u>

"In essence ...; there is no conflict within the person between head, heart, and stomach...." (p. 9)

"In essence we are like young children: there is no conflict between our thoughts, our emotions, or our instincts." (p. 18)

| Arica | Palmer, The Enneagram |
|---|---|
| "A contradiction develops between the inner feelings of the child and the outer social reality to which he must conform." (p. 9) | "A contradiction developed between the child's central trust of the environment and the family reality, which must be obeyed." (*Id.* p. 19) |
| "Personality forms a defensive layer over the essence...." (p. 9) | "From the point of view of a psychology that includes a concept of essence, *personality develops in order to protect and defend essence from injury in the material world.*" (p. 19–20) |

Defendants may be liable for copyright infringement based on these instances of copying unless the fair use defense, *see infra,* applies.

ii. *Training Manuals, Study Manuals, Lectures and the Arican Journal*

■ Apart from *Interviews with Oscar Ichazo,* plaintiff claims *The Enneagram* infringes 45 other copyrighted works. Plaintiff has failed, however, to demonstrate either access or substantial similarity as to these works. Many instances of alleged infringement listed in plaintiff's comparisons involve one- and two-word similarities not actionable under the copyright laws because they are based on non-copyrightable elements of plaintiff's works. No reasonable jury could find similarity, let alone substantial similarity, in the remaining comparisons.[1] Accordingly, defendants' motion for summary judgment dismissing all claims of copyright infringement except the claim based on plaintiff's book *Interviews with Oscar Ichazo* is

---

1. Several examples were listed in the Court's prior opinion. Other examples include:

| Arica | Palmer, The Enneagram |
|---|---|
| "They make a pretense of perfection. There is a fear of being seen in their imperfection." (Three Month Training manual, p. 155) | "[Ones] learned to monitor themselves severely in order to avoid making mistakes that would come to other people's attention." (p. 72) |
| "Laziness is with the passion of finding always justifications for being asleep. It is a passion that don't want to change. He will defend his laziness ... with justifications." (Lecture #45A, p. 6) "The fixation doesn't take care of the essence, always forgets it." (Three Month Manual, p. 155) | "Most Nines have an elaborate repertoire of ways in which they can forget their real priorities, and they can be fiercely defensive about giving them up." (p. 352) |

granted. *See Warner Bros. Inc. v. American Broadcasting Cos.*, 720 F.2d at 240.

### c. Fair Use

■ To resolve defendants' motion as to the three passages from *Interviews with Oscar Ichazo* identified above, the Court must determine whether the use, though unauthorized, was a fair use. Section 107 of the Copyright Act of 1976 provides:

Notwithstanding the provisions of section 106, the fair use of a copyrighted work, ... for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107 (1988).

The Court finds that all of the non-exclusive factors listed in § 107 favor defendants. The purpose and character of *The Enneagram* can be described as a combination of comment, criticism, scholarship and research. For this reason, the first factor favors defendants. *See Maxtone–Graham v. Burtchaell*, 803 F.2d 1253, 1260–62 (2d Cir.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2201, 95 L.Ed.2d 856 (1987). Whether or not a work is published is critical to its nature under the second fair use factor because "the scope of fair use is narrower with respect to unpublished works." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 564, 105 S.Ct. 2218, 2232, 85 L.Ed.2d 588 (1985). Because *In-terviews with Oscar Ichazo* is a published work, the second fair use factor also tips in defendants' favor.

The third fair use factor—the amount and substantiality used—favors defendants because the three passages listed above constitute a minor if not minuscule portion of the 181–page *Interviews with Oscar Ichazo* and cannot be said to comprise the qualitative "heart" of the work. *Cf. Harper & Row*, 471 U.S. at 564–65, 105 S.Ct. at 2232–33. In the quoted passages, Ichazo is responding to questions relating to his theory of personal fulfillment. The book as a whole more broadly describes Ichazo's life and experiences and the purpose of Arica as a mystical school.

The Supreme Court has deemed the fourth fair use factor—the effect of the use upon the potential market for or value of the copyrighted work—the single most important element of fair use. *Id.* at 566, 105 S.Ct. at 2233. In general, if a defendant's use is for commercial gain, the likelihood of impairment to the market value of plaintiff's work may be presumed. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 451, 104 S.Ct. 774, 793, 78 L.Ed.2d 574 (1984). However, because fair use is an equitable rule of reason and each case must be decided on its own facts, *Harper & Row*, 471 U.S. at 560, 105 S.Ct. at 2230, the Court finds that the fourth factor favors defendants Helen Palmer and HarperCollins. The Court rejects plaintiff's argument that Palmer's imperfect exposition of Ichazo's ideas, only three minor passages of which are actionable, will create confusion and cause a loss of revenue to plaintiff. Publication of the paperback edition of *The Enneagram* will not impair either the value of or the potential market for *Interviews with Oscar Ichazo*. The books cover different topics and appeal to different readers. Plaintiff's book is in the nature of a biography while *The Enneagram* is more of a psychological self-help tool. Rejecting the fair use defense in this case would stifle the very creativity the copyright laws are designed

to foster. Accordingly, defendants' motion for summary judgment dismissing Count 1 of the complaint is granted. *See Maxtone–Graham v. Burtchaell*, 803 F.2d at 1260–65 (fair use defense properly sustained as a matter of law).

2. *False Designation of Origin and Common Law Unfair Competition/Palming Off*

Count 2 of the complaint alleges:

21. Defendants have caused and are causing goods, namely the Infringing Work, to enter into interstate commerce with the following false designations and representations connected therewith:

(a) The Infringing Work includes the subtitle "The Definitive Guide to the Ancient System [of the Enneagram] for Understanding Yourself and Others In Your Life", when in fact the "system" described in The Infringing Work is not an ancient system but instead was created solely by Oscar Ichazo in the 1960's.

(b) Defendants have promoted the Infringing Work by describing Palmer as the leading teacher and practitioner of the system described in The Infringing Work when, in fact, Arica and its founder Oscar Ichazo are the source of all information concerning the system described in the Infringing Work.

Thus, in Count 2, plaintiff claims these alleged misrepresentations are likely to cause confusion among the purchasing public in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). In Count 3 of the complaint, plaintiff charges defendants with common law unfair competition and palming off. "Palming off" is an attempt by one person to induce customers to believe that his or her product is actually that of another. *See Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F.Supp. 129, 135 (S.D.N.Y.1972). In both Counts 2 and 3, proof of likelihood of confusion is essential for plaintiff to prevail. *See Wonder*

*Labs, Inc. v. Procter & Gamble Co.*, 728 F.Supp. 1058, 1064 (S.D.N.Y.1990).

The paperback version of *The Enneagram* contains a one-page notice at the beginning of the book which reads in part:

Arica Institute Press is the publisher of numerous books and other publications written by Oscar Ichazo that describe Mr. Ichazo's theories of the "enneagons." Ms. Palmer has developed theories about the use of the enneagram in understanding human personality and its relationship to aspects of higher awareness that are different and distinct from those expounded by Mr. Ichazo. Neither Helen Palmer nor HarperCollins is affiliated with Arica Institute, Inc., nor has this book been endorsed or authorized by Arica Institute, Inc. or by Mr. Ichazo.[2]

Disclaimers are a favored method of alleviating consumer confusion as to source or sponsorship. *Consumers Union of United States, Inc. v. General Signal Corp.*, 724 F.2d 1044, 1053 (2d Cir.1983), *reh'g denied*, 730 F.2d 47 (2d Cir.), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). *But see Home Box Office, Inc. v. Showtime/The Movie Channel Inc.*, 832 F.2d 1311, 1315–17 (2d Cir.1987) ("heavy burden" on defendant to demonstrate effectiveness of disclaimer). Palmer's disclaimer is prominent and discloses the competitive relationship, if any, between the parties in a unambiguous manner. *Cf. Rossner v. CBS, Inc.*, 612 F.Supp. 334, 340 (S.D.N.Y.1985). In addition, as long as the defendant has taken reasonable precautions to distinguish its product from that of plaintiff, a finding of palming off will not be justified. *Ralston Purina*, 341 F.Supp. at 135. On this record, plaintiff has made no showing of likelihood of confusion raising a triable issue of fact. Accordingly, defendants' motion for summary judgment

**2.** In the text of *The Enneagram,* Palmer has always acknowledged Oscar Ichazo's contributions to enneagram theory.

on Counts 2 and 3 of the complaint is granted. This case is ordered closed.

IT IS SO ORDERED.