**Jay L. BLANK, Plaintiff,**

v.

**Edward P. POLLACK; E.P. Distribution; and John Does 1 Through 10, Defendant.**

No. 95–CV–0392.

United States District Court, N.D. New York.

Feb. 9, 1996.

Berger Law Office, New York City (Andrew Berger, of counsel), for plaintiff.

Harris Beach & Wilcox, LLP, Albany, NY (Joel L. Lindy, of counsel), for defendant.

## 168

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

Plaintiff, JAY L. BLANK, commenced this action by service of a summons and complaint on March 23, 1995. The plaintiff sets forth no less than thirteen claims, the facts relating to which are set forth below. The defendants, EDWARD P. POLLACK; E.P. DISTRIBUTION; and JOHN DOES 1 THROUGH 10, now seek to have this court dismiss all claims, with the exception of the seventh (Breach of express contract), tenth (Breach of implied contract), and eleventh (Unjust enrichment). The plaintiff has cross-moved against the defendants for summary judgment as to the fifth (Patent mismarking) and thirteenth (Misappropriation of trade secret) claims.

## II. BACKGROUND

This case involves an uncommon area of Lanham Act protection, the alleged false designation of origin of the designer or creator of a product, rather than the more typical false designation of the manufacturer of a product. The defendant Pollack claims to have been active in the field of "window crank design" for several years.[1] He has acquired a patent for an early design of a window crank, U.S. Patent No. 5,201,241. He also claims to have developed another design for a crank. This crank folds down so that the handle will not interfere with any drawn window blinds or shades. It is the defendant Pollack's claim that he and the company, co-defendant E.P. Distribution, Inc., developed a design for the folding window crank, began to solicit bids for manufacturing the window crank, and learned that he would need to make changes to the prototype, all prior to the involvement of the plaintiff.

The plaintiff alleges that he first met the defendant Pollack in December 1992. At that time he allegedly learned of the defendant Pollack's efforts to design a folding window crank, inspected drawings of the crank, and advised the defendant Pollack that his design was unmarketable. It seems that the design required too many parts, and thus, would have a prohibitively high production cost.

Sometime in March 1993, the defendant Pollack, allegedly representing the company, solicited the services of the plaintiff to help design and create a prototype of the crank. The plaintiff is a machinist with no prior history relating to window cranks. The plaintiff made drawings of a three part window crank. Apparently, there was an oral agreement between the parties that the plaintiff would provide the defendants with a prototype and the drawings, after the defendants sent the plaintiff a letter promising to compensate him with a per unit remuneration and stock in an as yet to be formed company. The letter was sent by the defendants' attorney on April 5, 1993, but the exact terms were to be negotiated at an unspecified later date. The plaintiff, at the time unrepresented by counsel, then sent the drawings to the defendants.

The defendants allege that at all times the plaintiff knew that the plaintiff's drawings and prototype would be used for manufacture and distribution to the public. The plaintiff did, in fact, produce a prototype, and the company began to manufacture the units. However, the parties never negotiated an agreement, and, as alleged by the plaintiff, the plaintiff has never received compensation for the drawings.

The defendants then published a brochure advertising the window crank. The company's brochure stated that the crank was patented, allegedly under the mistaken good faith belief that the crank was covered by the defendant Pollack's prior patent. After a period of distribution, the company's attorney advised the defendants that such an interpretation of the scope of the prior patent may not be correct, and that any references to the patent should be removed from the brochure. The defendants removed reference to a specific patent number, but retained language suggesting that the folding window crank was patented.

In short, the defendants argue: (1) that the entire complaint should be dismissed as

---

1. A window crank is the handle to the mecha-

nism that opens and closes windows.

against defendants Pollack and E.P. Distribution, because no such company exists; (2) that counts one and two of the complaint should be dismissed, because there is no valid claim or material factual issue as to an alleged "false designation of origin" claim pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) that counts three and four of the complaint should be dismissed, because there is no valid claim or material factual issue as to an alleged "false advertising" claim pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) that the defendants are entitled to summary judgment as to count five of the complaint, because there is no factual issue as to an alleged violation of 35 U.S.C. § 292, for making a false statement that the window crank at issue was protected by a patent; (5) that count six, plaintiff's common law unfair trade practices claim should be dismissed, essentially for failing to set forth, and/or raise a factual issue as to the elements of such a claim, i.e., secondary meaning; (6) that the plaintiff's eighth count, for fraud, should be dismissed for failing to state a claim; and that the court should dismiss counts nine, twelve, and thirteen of the complaint, because the window crank design does not constitute a trade secret or a novel idea, protectible as a property right.

The plaintiff, as expected, argues that the defendants' motion should be denied in its entirety. Broken down, the plaintiff argues: (1) that at no time prior to the April 5, 1993 letter. on which he bases his many of his claims, did the entity "E.P. Distribution, Inc." exists, and the parties stipulated to a name change; (2) that counts one and two should not be dismissed because the claim is for reverse passing off, not false designation of origin; (3) that counts three and four raise a factual issue as to false advertising; (4) that the plaintiff raises a factual issue as to false marking; (5) that count six should not be dismissed, because of customer confusion; (6) that the fraud claim is properly pleaded; (7) that the defendants' motion for summary judgment should be denied, and the plaintiff's cross-motion for summary judgment as to count nine, trade secret violation, should be granted; (8) that counts twelve and thirteen, conversion and misappropriation, should not be dismissed.

## III. DISCUSSION

### A. Standard For A Motion to Dismiss And For Summary Judgment

On a dismissal motion for failure to state a claim the general rule is that the allegations in a plaintiff's complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986).

If on a motion made pursuant to Rule 12(b)(6) "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56 ..." Fed.R.Civ.P. 12(b)(6). A motion for summary judgment should be granted "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). There must be more than a "metaphysical doubt as to the material facts." *Delaware & Hudson R. Co. v. Conrail,* 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). All ambiguities must be weighed in favor of the non-moving party. *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The parties to this motion have submitted affidavits with exhibits to the Court. Thus, the Court will treat this motion as one for summary judgment pursuant to Rule 56 and apply the foregoing standard.

### B. Dismissal Based On Alleged Impropriety Of Caption

■ The defendants argue, without citing to any authority, that the court should dismiss the complaint as against defendants Pollack and E.P. Distribution, Inc., because of an improper designation of the name of the company in the case caption, and because any dealings with the plaintiff allegedly were by the defendant Pollack on behalf of the company.

It is clear to the court that discussions occurred between the parties prior to the formation of the company, E.P. Distribution, Inc., on May 14, 1993. Moreover, the April 5, 1993, letter from the defendant Pollack's attorney to the plaintiff expressly states "that *Edward Pollack, Jr.* proposes to compensate you for your participation in the schematic engineering and development of the proto-type", and mentions the "corporation to be set up for distribution." Clearly, the defendant Pollack cannot represent an entity not yet in existence, unless he acts as a promoter. If Pollack was acting as a promoter of the corporation, it is a basic tenet of the law of corporations that a promoter is liable for any contracts entered into on behalf of the corporation, unless the parties agree otherwise,[2] or the promoter is discharged by a novation.[3] No such facts have been set forth to the court. Accordingly, the court denies the defendants' motion on this ground.

### C. Dismissal/Summary Judgment Motion As To Counts One And Two, 15 U.S.C. § 1125(a)

#### i. *Sufficiency of the complaint*

In relevant part, § 43(a) of the Lanham Act states, "[a]ny person who, . . . uses in commerce . . . any false designation of origin, . . . which—is likely to cause confusion, . . . or to deceive . . . as to origin . . . shall be liable to a civil action to any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A). The defendants argue that to make out a viable claim pursuant to such language, the plaintiff must allege in the complaint "secondary meaning in the marketplace" and nonfunctionality. *See Vibrant Sales, Inc. v. New Body Boutique, Inc.,* 652 F.2d 299, 303 (2d Cir.1981), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1992). However, *Vibrant Sales* was a case relating to the category of false designation of origin jurisprudence called "passing off", i.e., one party selling his goods under the name of another party. In this case, the plaintiff argues that the category of false designation of origin jurisprudence relevant to this case is "reverse passing off", to wit, one party sells another party's product under the former's name.

■ Although reverse passing off usually involves a manufactured good, it has been held to apply to written works. *See Waldman Publishing Corp. v. Landoll, Inc.,* 43 F.3d 775, 786 (2d Cir.1994). In *Waldman,* the Second Circuit, in the context of reviewing a grant of a preliminary injunction, required a showing of a false designation of origin, consumer confusion, and harm. *Id; see also, Lipton v. Nature Company,* 71 F.3d 464, 473 (2d Cir.1995). Significantly, the court stated that the "Lanham Act prohibits . . . the reproduction of a work with a false representation as to its creator." *Waldman,* 43 F.3d at 781. The plaintiff has alleged that the defendants inaccurately have advertised that the window crank "idea" came from the defendant Pollack, and that he "developed" the crank. This is sufficient to allege false designation of origin, in that it alleges false representation as to the creator/designer of the folding window crank.

■ As to the defendants' contention that there must be a showing of consumer confusion, the court finds that it is not necessary to plead secondary meaning in a reverse passing off case. *See Id.* at 784 n. 7. In fact, the *lack* of secondary meaning is exactly what the plaintiff is alleging, and that the lack of such meaning will lead consumers of the window crank to believe that the defendants were the originators of the crank. *Id.,* at 784. Just as in *Waldman,* where the

---

2. *Hub Publishing Co. v. Richardson,* 59 Hun. 626, 13 N.Y.S. 665 (Sup.1891).

3. *J.H. Lane & Co. v. United Oilcloth Co.,* 103 A.D. 378, 92 N.Y.S. 1061 (1905).

consumers were found "likely to be confused by [the] misrepresentation as to the source" of the product therein, so too may consumers be confused by the alleged misrepresentation as to the creative source of the folding window crank. *Id.*

■ Finally, as to the issue of harm, the plaintiff has alleged loss of profits. The court finds that this is a sufficient allegation, from a "commercial ... plaintiff", of actual or likely harm, to withstand a motion to dismiss. *See Berni v. International Gourmet Restaurants of Amer. Inc.*, 838 F.2d 642, 648 (2d Cir.1988). With respect to the preliminary injunctive relief sought in count one of the complaint, the complaint must allege facts sufficient to support a determination of *irreparable* harm. *See Waldman*, 43 F.3d at 785. The mere allegation of lost profits, i.e., economic damage, is insufficient to show irreparable harm. *See Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (*per curiam*). However, the court cannot say that no facts could be pleaded to make out such a showing. Accordingly, the court grants the defendants' motion to dismiss count one of the complaint without prejudice, and denies the defendants' motion to dismiss the second count of the complaint for failure to state a claim.

### ii. *Material question of fact*

■ As stated above, and contrary to the contention of the defendants, the plaintiff need not make a showing of secondary meaning in a reverse passing off claim. Moreover, the functional/nonfunctional dichotomy is noticeably absent from the reverse passing off cases.

As to the elements set forth above, the court finds that there is a material factual issue as to the true origin of the design of the crank. It is clear that the defendant Pollack engaged the plaintiff with the task of at least assisting with the design and production of a prototype crank. Whether the plaintiff created a sufficiently unique design, i.e., issue of origin, and whether the defendants wrongfully used that design are issues to be determined by the trier of fact, and are not appropriately decided on summary judgment. *See Lipton*, 71 F.3d at 473–74.

Accordingly, the court grants the defendants' motion with respect to count one of the complaint, and denies the defendants' motion with respect to the second count of the complaint, as such count raises a material factual issue.

### D. Dismissal/Summary Judgment As To Counts Three And Four, 15 U.S.C. § 1125(a)(1)(B)

#### i. *Sufficiency of the complaint*

The plaintiff, in counts three and four of the complaint, sets forth claims pursuant to 15 U.S.C. § 1125(a)(1)(B), for false advertising. The defendants challenge the sufficiency of the allegations relating to such claims, and in the alternative argue that they are entitled to summary judgment.

■ In relevant part, § 43 of the Lanham Act states, "[a]ny person who, in connection with any goods or services, ... uses in commerce ... any ... false or misleading representations of fact, which—in commercial advertising or promotion, *misrepresents the nature, characteristics, or geographic origin* of his or her or another person's goods ... shall be liable in a civil action ..." 15 U.S.C. § 1125(a)(1)(B) (emphasis added). To make out a false advertising claim pursuant to the Lanham Act, a plaintiff initially must allege "that the message in the challenged advertisement is false." *Lipton*, 71 F.3d at 474 (element stated in context of summary judgment motion). The plaintiff has alleged the falsity of the advertisement/sales brochure at issue. However, as to count three, which in part seeks preliminary injunctive relief, the plaintiff has not set forth a single fact tending to show irreparable harm stemming from the allegedly harmful acts of the defendants. Accordingly, the court finds the complaint insufficient on its face as to count three, only to the extent that it seeks preliminary injunctive relief. Therefore, the court grants the defendants' motion as to count three without prejudice, to the extent stated herein, and denies the defendants' motion to dismiss as to count four.

#### ii. *Material Factual Issue*

To prevail in the face of a summary judgment motion, the plaintiff first must raise a

factual issue as to (1) the literal falsity of the brochure as a factual matter, or (2) whether the brochure even if literally true is likely to be deceptive. *Lipton*, 71 F.3d at 474. To obtain injunctive relief, the plaintiff herein must show literal falsity, and that the plaintiff "will suffer irreparable harm absent the injunction." *McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir.1991) (citation omitted). As set forth above, the plaintiff has failed to allege any facts in support of a claim of irreparable harm. Accordingly, the court cannot find a factual issue as to such a claim.

■ As to each prong of the test for falsity, there is at least a question of fact as to whether or not the window crank is within the scope of any patent. As admitted by the defendants, they are not sure whether the crank is covered under a preexisting patent. Although they allege that, initially, they held a good faith belief that the crank was patented, on advice from their lawyers, they were advised that the crank at issue may not be patented. The defendants then agreed with the plaintiff to remove from the brochure references that indicate that the crank was patented. It is clear that the brochure still suggests that the crank is patented. At that point, there arose a factual issue as to whether the defendants still had a good faith belief that the folding window crank was patented.

In addition, there is a question of fact as to whether the idea for the crank and the design of the prototype originated with the defendant Pollack or the plaintiff. The defendant Pollack claims to have been engaged in the design of the crank for several years preceding the plaintiff's involvement. The plaintiff claims that the defendant Pollack's design was seriously flawed, and that the plaintiff made such extensive alterations to the design of the crank that, as it exists today, it must be said to have originated from his ingenuity, not the defendant Pollack. The issue of who actually is entitled to claim "originator" status is for the trier of fact to determine, and cannot be determined as a matter of law.

■ Having determined that there is a question of fact as to the alleged falsity of the representations in the brochure, the court must next determine if those factual issues are within the scope of the Lanham Act's protection against false advertising. As set forth above, the false statements must "misrepresent the nature, characteristics, qualities, or geographic origin of" the good in question. 15 U.S.C. § 1125(a)(1)(B). The language of the Act is to be construed broadly, in light of the remedial purpose of the Act. *See Mobius Management Systems v. Fourth Dimension Software, Inc.*, 880 F.Supp. 1005, 1021 (S.D.N.Y.1994); *Bowmar Instrument Corp. v. Continental Micro.*, 497 F.Supp. 947, 957 (S.D.N.Y.1980); *CBS, Inc. v. Springboard Int'l Records*, 429 F.Supp. 563, 566 (S.D.N.Y.1976). In keeping with the broad construction of the language of the Act, the court finds that the misrepresentation that a product is patented relates to the nature and qualities of the product. As held in, *In re Uranium Antitrust Litigation*, the Lanham Act "reaches a seller who exaggerates the scope of his patents ..." 473 F.Supp. 393, 408 (S.D.Ill.1979) (relating to customer confusion as to product manufacturer). In the instant case, the court has already determined that there is a material question of fact as to whether the crank is patented. Having now found that claims as to the existence of a patent for a product, or lack thereof, bear on the nature or qualities of the product, such that such claims fall within the scope of the Lanham Act's false advertising protection, the court must deny the defendants motion for summary judgment as to count four of the complaint.

### E. Summary Judgment As To Count Five, 35 U.S.C. § 292

■ The defendants argue that the reference to U.S. Patent No. 5,201,241 in their sales brochure was based on a good faith belief that the window crank was within the coverage of the preexisting patent secured by the defendant Pollack. The defendants also allege that any reference to that patent was removed upon advice of counsel after learning that there might be a question as to the scope of the prior patent's coverage. The plaintiff claims that the defendants have advertised for the folding window crank in violation of 35 U.S.C. § 292, which states, in

relevant part, "[w]hoever ... uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public ... [s]hall be fined not more than $500 for every such offense ... [and] ... [a]ny person may sue for the penalty ..." 35 U.S.C. § 292(a) & (b).

It is well-settled that 35 U.S.C. § 292 is penal in nature, and must be strictly construed. *See Johnston v. Textron,* 579 F.Supp. 783, 795 (D.C.R.I.1984), *aff'd,* 758 F.2d 666 (C.A.Fed.1984). The statute requires intent to deceive, but, an intent to deceive the public will not be inferred if the facts show no more than that the erroneous patent marking was the result of mistake or inadvertence. *Id.* at 795–96. In the present case, the plaintiff has alleged no facts showing an intent to deceive, relying instead on the mere fact of reference to the patent. However, the court notes that the plaintiff does allege that the defendants, after removing the reference to the specific patent number, still left in language suggesting that the crank was patented. It is as to this alleged violation that the court finds a question of fact precluding the grant of the defendants' motion for summary judgment. According to the express terms of the statute, even if the initial reference to a specific patent number was inadvertent, and removed, a later reference to the crank being patented, assuming it is not, would raise a factual issue as to the intent behind such a reference. *See Johnston,* 579 F.Supp. at 796. There is no requirement that the complainer hold a competing patent or even be engaged in the same industry. Moreover, it is irrelevant that the defendants own the allegedly wrongfully referred to patent.

In the instant case, the defendants "honestly believed that their patent which covered a prior design of a window crank, covered the new design." Defendants' Memorandum at 13. However, after learning that the patent may not actually cover the new design, the defendants lost that good faith belief. Thus, later references in the sales brochure to the new crank being patented, raise a material factual issue as to (1) whether the crank actually is covered by the prior patent, and if not, (2) whether the defendants included the reference to the crank being patented with the intent to deceive the public. Accordingly, the court denies the defendants motion for summary judgment as to this claim, and denies the plaintiff's cross-motion for summary judgment.

**F. Dismissal/Summary Judgment As To Count Six, "Unfair Competition–Injunctive Relief"**

The court first notes that, as set forth above, the plaintiff may not maintain a claim for preliminary injunctive relief absent a showing that the plaintiff has suffered irreparable harm.

As to a claim seeking relief pursuant to the New York common law of unfair competition, the Second Circuit has found that "New York courts have noted the 'incalculable variety' of illegal practices falling within the unfair competition rubric." *Roy Export Co. v. Columbia Broadcasting,* 672 F.2d 1095, 1105 (2d Cir.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982) (citation omitted). "It has been broadly described as encompassing 'any form of commercial immorality,' [citation omitted] or simply as 'endeavoring to reap where [one] has not sown,' *International News Service v. Associated Press,* 248 U.S. 215, 239 [39 S.Ct. 68, 72, 63 L.Ed. 211] (1918); it is taking 'the skill, expenditures and labors of a competitor,' [citation omitted] and 'misappropriati[ng] for the commercial advantage of one person ... a benefit or "property" right belonging to another.' [citation omitted]." *Roy Export Co.,* 672 F.2d at 1105.

It is clear to the court that the plaintiff alleges a viable claim, and raises a material factual issue as to the sixth count, pursuant to this "amorphous cause of action." *Id.* In essence, the plaintiff has alleged that the defendants used his design for a folding window crank to engage in a profitable enterprise, without remuneration. This alleges that the defendants misappropriated the skill and expenditure of time and resources, in the form of a design idea and drawings, and used them for commercial advantage. The court

has already determined that a question of fact exists as to the originator of the crank design. Accordingly, the court must deny the defendants' motion as to count six.[4]

### G. Dismissal Of Count Eight, Fraud

■ There is no disagreement among the parties as to the elements for a claim of fraud. The plaintiff must allege: "(1) a false representation of material fact, (2) scienter, or knowledge or belief in its falsity, (3) belief in its truth by the person to whom the statement is directed, (4) the intent to induce reliance, and (5) detrimental reliance by the person claiming to be defrauded." *Keenan v. D.H. Blair & Co., Inc.*, 838 F.Supp. 82, 86 (S.D.N.Y.1993) (citation omitted). Of course, the defrauded party also must be damaged. *See Id.*

■ The plaintiff alleges falsity of the representation, and knowledge of falsity by the defendants in ¶ 45 of the complaint. In ¶ 45 the plaintiff states that the promise by defendant Pollack to compensate the plaintiff for his "schematic engineering and development of the prototype" was knowingly false. The plaintiff alleges his belief and reliance on that belief in ¶ 46. In addition, the plaintiff alleges damages in ¶ 47. Finally, as to the defendants' argument that the fraud claim should be dismissed for failing to allege the timing and particular facts surrounding the alleged fraud, the court determines that the April 5, 1993 letter itself provides the time and sufficient particularity to withstand a motion to dismiss. Accordingly, the defendants' motion is denied.

### G. Summary Judgment as to Counts Nine, Twelve, And Thirteen, Misappropriation, Conversion, And Misappropriation Of Trade Secret

The court first considers the thirteenth count, misappropriation of trade secret, as the court's decision as to that count may have a bearing on the determination of the defendants' motions relating to counts nine and twelve.

#### i. *Misappropriation of trade secret*

■ There are two prongs to the analysis of whether a defendant misappropriated a trade secret pursuant to New York law. First, and for the purposes of the defendants' motion, the plaintiff must show that he "possessed a trade secret." *Hudson Hotels Corp. v. Choice Hotels International*, 995 F.2d 1173, 1176 (2d Cir.1993). Second, the plaintiff must show that the defendants "used that trade secret in breach of an agreement, a confidential relationship, or duty, or as a result of discovery by improper means. *Id.*, citing, *inter alia*, *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir.1990). This court need not reach the second prong of the analysis, because as a matter of law, the folding window crank is not a trade secret.

■ As set forth in *Hudson Hotels*, under New York law, a trade secret "must demonstrate novelty and originality to be protectible as a property right under '[any] cause of action for [its] unauthorized use.'" *Id.* at 1178 (citation omitted). A trade secret as "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it ... A trade secret is a process or device for continuous use in a business." *Lehman v. Dow Jones & Co., Inc.*, 783 F.2d 285, 297–98 (2d Cir.1986), *citing*, *Restatement of Torts*, § 757, comment b (1939). Importantly, when the process or device alleged to be a trade secret is the product of a business, rather than something used to run a business, it is not a trade secret. *Id.* at 298. This concept was developed further in *Hudson Hotels*.

In *Hudson Hotels*, the court reasoned that the plan or design concept for a motel/hotel was not a trade secret, because the alleged trade secret must be "used secretly and continuously in commerce." 995 F.2d at 1176. "Once [the hotel] is built, marketed, and occupied, the features of the [alleged trade secret] would necessarily be disclosed publically." *Id.* (citations omitted). Public disclosure of the features of the devise, design,

---

4. The court has already rejected the defendants' arguments that the plaintiff must show second-ary meaning, or allege customer confusion with specificity.

or process renders such outside the scope of trade secret protection.

The design at issue in this case is not within the scope of trade secret protection. The design, when put in production, yields a product of the business, a device, that upon marketing and sale is open to public inspection of all of its features. Consistent with *Hudson Hotels,* the design at issue herein is not secret, and thus, not a trade secret. Accordingly, the court grants the defendants' motion as to count thirteen of the complaint, dismissing such count as to the defendants.

ii. *Misappropriation and conversion*

■ As to the remaining grounds for the defendants' motion, the court has already determined that the plaintiff has raised a material factual issue as to the origin of the idea and design for the window crank. The defendants argue, however, that unless the design was novel or original, there can be no claim for misappropriation or conversion.

" '[N]ot every 'good idea' is a legally protectible idea.' " *Ring v. Estee Lauder, Inc.,* 702 F.Supp. 76, 78 (S.D.N.Y.1988), *aff'd,* 874 F.2d 109 (2d Cir.1989) (citation omitted). For an idea, or the design herein, to be protectible, it must be novel or original. *See Id.; Hudson Hotels,* 995 F.2d at 1178. If the idea at issue "merely represented an 'adaptation of existing knowledge' and of 'known ingredients' and therefore lacked 'genuine novelty and invention,' " it is not protectible. *Murray v. National Broadcasting Co., Inc.,* 844 F.2d 988, 992 (2d Cir.1988), *cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 *citing, Educational Sales Programs, Inc. v. Dreyfus Corp.,* 65 Misc.2d 412, 317 N.Y.S.2d 840, 844 (Sup.Ct.N.Y.Cty.1970). In other words, the idea may not be "nothing more than a variation on a basic theme." *Id.* at 993.

In *Murray,* the court considered the novelty of a family situation comedy that would present the "black family as it had never been shown before on television." *Id.* at 992. The court affirmed the lower court's grant of summary judgment, because it determined that the show/idea at issue was merely a variation on the theme of family situation comedy. In the present case, it can be argued that the folding window crank is merely a variation on the theme of window cranks. *Id.* It can further be argued that the window crank incorporates no "elements that are themselves not novel." *Id.* at 993. However, it can also be argued that the window crank represents a design that is completely unique to the marketplace. The distillation of these arguments is that the determination depends on how broad the "theme" is in scope. This sort of line drawing presents the court with a factual issue to be determined by the trier of fact.

The defendants also argue that there was no confidential relationship between the parties. The defendants assert that a showing of such a relationship is necessary to maintain these counts. The defendants cite to no authority for their conclusions.

As the existence of a confidential relationship between the parties, it is clear that the parties held discussions relating to the development of a design and prototype of the folding window crank. It is clear that the parties discussed compensation for the plaintiff, assuming the development of the prototype, and subsequent production. What remains unclear, and thus raises a question for the fact finder, is whether the plaintiff gave unique drawings to the defendants, and if so, that such handing over of the drawings was for the limited purpose of aiding the defendants in deciding whether to buy the drawings, or enter into some sort of business relationship. Although the court finds that there is a question of fact as to the existence of the requisite fiduciary relationship, the court need not reach that issue to resolve the defendants' motion.

The plaintiff cites *Heyman v. AR. Winarick, Inc.,* in support of their contention that a confidential relationship existed. 325 F.2d 584, 587 (2d Cir.1963). However, the *Heyman* court also required the showing that the alleged violation of a fiduciary relationship involved the misappropriation of a trade secret. This court has already held that as a matter of law, the idea and design at issue are not trade secrets. Accordingly, and consistent with *Heyman,* whether or not the parties were in a confidential relationship is inconsequential, and the court will grant the

defendants' motion as to counts nine and twelve.

## IV. CONCLUSION

In sum, and for the foregoing reasons, the court grants in part the defendants' motion to dismiss, or in the alternative for summary judgment, as to all counts only to the extent that they seek preliminary injunctive relief, without prejudice, and as to counts nine, twelve, and thirteen in their entirety, and as to all other counts at issue in the present motion, the court denies the defendants' motion.

**IT IS HEREBY ORDERED.**