**QUEENIE, LTD., Plaintiff,**

v.

**CASUAL CORNER GROUP, INC., Defendant.**

No. 97 Civ. 7739(RO).

United States District Court, S.D. New York.

Nov. 29, 1999.

Louis S. Reich, Jonathan Feinsilver, Reich & Reich, New York, NY, for Plaintiff Queenie, Ltd.

Thomas D. Czik, Garden City, NY, for Defendant Casual Corner Group, Inc.

Lawrence E. Laubscher, Jr., Laubscher & Laubscher, Arlington, VA, for Defendant Casual Corner Group, Inc., of counsel.

*OPINION AND ORDER*

OWEN, District Judge.

This is one of a number of actions for copyright infringement of a certain fabric design, all of which are before me. Plaintiff Queenie, Ltd. alleges that defendant Casual Corner, Inc. copied its tile print design "TF 7459" for which the Register of Copyrights issued Copyright No. VA 718–788. Plaintiff now moves under Fed. R.Civ.P. 56 for summary judgment on infringement. For the reasons set forth below, plaintiff's motion is denied.[1]

In 1990, Timney–Fowler Design Studio in London created a design known as TF 7459. In 1991, Timney–Fowler sold a design designated as TF 7459, including copyright, to Equipment, a French apparel manufacturing company with offices in Paris. In July 1995, Queenie purchased a design designated as TF 7459, including copyright, from Equipment. Queenie then registered a design designated as "TF 7459 (Box Design)" with the Copyright Office on August 10, 1995.[2]

Since approximately 1995, Queenie has been manufacturing and distributing ladies' blouses which display the tile print design registered with the Copyright Office. Casual Corner, owning and operating retail stores selling women's clothing, began producing the allegedly infringing

---

1. Defendant Casual Corner has also moved to strike Plaintiff's Local Civil Rule 56.1 Statement and Plaintiff's Exhibit L. Summary judgment in favor of plaintiff being denied on substantive grounds, I need not reach this motion.

2. As a reader might conclude from the phrasing of these sentences, and for the purposes of this motion, I take no position as to whether or not the design transferred from Timney–Fowler to Equipment and then from Equipment to Queenie was in fact the same design.

tile print garments in 1997. Black and white copies of both Queenie's and Casual Corner's designs, somewhat reduced in size, are in Appendices A and B hereto.

Summary judgment is appropriate only when there is no genuine issue of material fact remaining for trial, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that no genuine factual dispute exists, and all ambiguities and inferences drawn from the underlying facts must be resolved in favor of the non-moving party. *LaFond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir.1995).

To establish copyright infringement, Queenie must show ownership of a valid copyright and copying by Casual Corner. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985). I conclude that summary judgment is not appropriate here because, even if Queenie holds a valid copyright (which I decline to decide on this motion), Queenie has not shown the requisite level of similarity between the protected aspects of the designs, namely "the ripped, jagged edges and the thickness thereof, the shading within the tiles; and the selection and arrangement of the tiles" (*See* Pl.'s Br. in Supp. at 19–20), to establish copying.

 It is well-settled that one cannot copyright an idea. Only the expression of that idea can receive copyright protection. *Mattel, Inc. v. Azrak–Hamway Int'l, Inc.*, 724 F.2d 357, 360 (2d Cir.1983). It therefore follows that to the extent that works are similar in ideas and general concepts, those similarities are not infringements. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1507 (9th Cir.1987). Furthermore, similarity in expression is non-infringing when the nature of the creation makes

such similarity necessary. *Past Pluto Prods. Corp. v. Dana*, 627 F.Supp. 1435, 1444 (S.D.N.Y.1986). This "indispensable copying" is infringing only if the works are virtually identical.[3] *See Ring v. Estee Lauder, Inc.*, 874 F.2d 109 (2d Cir.1989); *Deering Milliken, Inc. v. Quaker Fabric Corp.*, 187 U.S.P.Q. 288, 290 (S.D.N.Y. 1975); *see also* Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.03[B][2][b] (1999) ("[I]f the only original aspect of a work lies in its literal expression, then only a very close similarity, verging on the identical, will suffice to constitute an infringing copy.").

 In this case, the underlying idea is boxes with ripped or rough edges, and, as was stated in a companion case, "one cannot copyright a box or a rip." *Queenie, Ltd. v. Notations, Inc. et al.*, No. 98 Civ. 2922, slip op. at 5 (S.D.N.Y. Nov. 18, 1999). Thus, to the extent that both designs incorporate the mere fact of boxes with ripped edges, such similarities are non-infringing, as I decline to allow plaintiff the sole right to the use of box shapes with ripped edges for the next seventy plus years. Drawing all inferences in favor of the non-moving party, I conclude that what might appear to be further similarities such as the checkerboard arrangement of the boxes—as opposed to staggered— inherent in arranging boxes in checkerboards,[4] or that the boxes are differently colored, amounts to no more than indispensable copying when creating a design incorporating boxes with ripped edges and different colors. Thus, at bottom, it is the differences in the contour, shape, and shading of the rips (which necessarily delineate the edges of the boxes) which compel a finding that the two designs are far from the law's requirement of virtual identity as to be found to be infringement. Accordingly, summary judgment is denied.

The foregoing is so ordered.

---

3. For then, copying jumps out at the viewer.

4. Obviously, checkerboard and staggered arrangements of boxes have been in the public domain for centuries.

## APPENDIX A

QUEENIE'S DESIGN

## APPENDIX B

CASUAL CORNER'S
DESIGN

