QUEENIE, LTD., Plaintiff,

v.

HOT STUFF, INC., Kress Stores, Inc., Kress Stores of Puerto Rico, Inc. Conway Stores, Inc. d/b/a The Conway Organization, Right on Casuals, Inc., Modern Woman, Inc., Rainbow Apparel Distribution Center, Inc., A & E Stores, Inc., Evans, Inc. a/k/a Evans Furs of Delaware, Big M, Inc., Hamrick's Inc. a/k/a Hamrick's of New York, Charlotte Russe, Inc., a/k/a California Charlotte Russe, Petrie Retail, Inc., Cato Corp., J. Silver Clothing, Inc., Holliday's, Inc., Revolution Boutique, Inc., Tick–Tock Boutique, Inc., High Energy Boutique, Inc., and Disco I Boutique, Inc. Defendants.

Nos. 97 Civ. 5880 (RO),
97 Civ. 6458 (RO).

United States District Court,
S.D. New York.

July 13, 2000.

Louis S. Reich, Jonathan Feinsilver, Reich & Reich, New York City, for plaintiff Queenie, Ltd.

Harlan M. Lazarus, Lazarus & Lazarus, New York City, for defendant Hot Stuff, Inc.

*OPINION AND ORDER*

OWEN, District Judge.

This is an action for copyright infringement of a fabric design. Plaintiff Queenie, Ltd. claims that defendant Hot Stuff, Inc., a competing garment manufacturer, and various stores infringed its copyright of its quite successful tile print design "TF 7459" (incorporated into its blouses) for which the Register of Copyrights had issued it Copyright No. VA 718–788. Hot Stuff, joined by several other defendants,[1]

---

1. Defendants Kress Stores, Inc., Kress Stores of Puerto Rico, Charlotte Russe, Inc., Hamrick's of New York, A & E Stores, Inc.,, Petrie Retail, Inc., Conway Stores, Inc., Big M., Inc.,

Revolution Boutique, Tick–Tock Boutique, High Energy Boutique, Disco I Boutique, Modern Woman, Inc., and Cato Corp. have joined in Hot Stuff's motion. Three defen-

now moves under Fed.R.Civ.P. 56 for summary judgment asserting non-infringement as a matter of law. For the reasons set forth below, this motion is denied.

In 1990, Timney Fowler Design Studio in London created a tile-print design known as TF 7459. In 1991, Timney Fowler sold TF 7459, including copyright, to Equipment, a French apparel manufacturing company with offices in Paris, France. In July 1995, Queenie purchased a design TF 7459, including copyright, from Equipment. Queenie then registered "TF 7459 (Box Design)" with the Copyright Office on August 10, 1995.

Since approximately 1995, Queenie has been manufacturing and selling the blouses at issue. Over two years later, Hot Stuff, began manufacturing and selling blouses bearing its allegedly-offending tile print design.

Summary judgment is appropriate only when there is no genuine issue of material fact remaining for trial, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Rule 56(c) mandates the entry of summary judgment, ... against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ To establish copyright infringement, Queenie must show its ownership of a valid copyright and unauthorized copying by Hot Stuff of the protected and original elements of Queenie's design. *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir.1997). Queenie has put before the Court a copyright registration certificate for TF 7459, which is prima facie evidence of ownership and validity of the copyright for that design. On this record, Hot Stuff has failed to rebut the presumption of the validity of the TF 7459 copyright.[2]

■ The design appearing on Queenie's blouses (the "Queenie design") is not totally identical to TF 7459, but does feature TF 7459's copyrightable arrangement[3] of box shapes and ripped edges, with the addition of the linear and star-shaped shadings. Accordingly, because Queenie is presumed to own a valid copyright in TF 7459, the particular arrangement of boxes and rips is protected in the Queenie design as well. However, a grant of summary judgment against Queenie is still appropriate if Hot Stuff can demon-

---

dants from a related case, *Queenie, Ltd. v. Chic Lady, Ltd.*, 98 Civ. 7432, Chic Lady, Ltd., Big M., Inc., and Burlington Coat Factory Warehouse Corporation, have joined in Hot Stuff's motion as well.

2. Hot Stuff's arguments alleging an invalid copyright due to copying of prior art and fraud on the Copyright Office fail. The fact that the Paul Klee work "Ancient Sound Abstract on Black" was arguably in the Timney Fowler library means nothing, since in the Court's view the Klee is not prior art, because TF 7459 and the Klee are different in expression, even though both may involve the concept of "boxes and rips". *See infra* note 3. As to fraud on the copyright office, I find no basis for the extensive and somewhat tortured attack on Peter Herbert, Esq., because he, after learning that the copyrighted Pattern 2013 was a copy, went back to the source, TF 7459, obtained the rights to it, and registered

it. There was no material misrepresentation, because in his view TF 7459 was the *original*, or earlier work, and not a "version" of any other work.

3. Contrary to defendant's arguments, this Court did not previously decide that the Queenie design, or TF 7459 for that matter, is not original or copyrightable as a matter of law in *Queenie, Ltd. v. Casual Corner Group, Inc.*, where I stated "one cannot copyright a box or a rip." 79 F.Supp.2d 328 (S.D.N.Y.1999) (citation omitted). I did not decide, however, that either Queenie's design or TF 7459's particular arrangements of rips and boxes is not copyrightable. Indeed, I specifically noted that I declined to decide whether Queenie owned a valid copyright or not. *Id.* at 329. Here, however, I conclude that a trier of fact could well find that TF 7459's *arrangement* of rips and boxes is copyrightable.

strate that Queenie could not make a sufficient showing of copying before a trier of fact. Queenie, however, may establish such copying by showing that the Queenie design and the Hot Stuff design are strikingly similar. *Lipton v. Nature Co.,* 71 F.3d 464, 471 (2d Cir.1995). When the designs are "so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Id.* (quoting *Ferguson v. NBC, Inc.,* 584 F.2d 111, 113 (5th Cir. 1978)). I do observe, nonetheless, that Queenie's design was widely on the market two years before Hot Stuff's sales began.

 Here, on a mere eye-balling of four of the blouses side by side, two by each manufacturer in different color sets, the Hot Stuff blouses are so strikingly similar in all respects to Queenie's design, the copyrighted boxes and edges, and the linear and star-shaped shadings, that it would permit circumstantially the conclusion that the creator of the Hot Stuff blouse was looking at Queenie's blouse at the time of creation, and therefore Hot Stuff has infringed, if not the totality, at least that much of Queenie's blouse as is protected by TF 7459. Repeating which I wrote in the earlier companion case of *Queenie, Ltd. v. Casual Corner Group, Inc.*:

> This "indispensable copying" is infringing only if the works are virtually identical.[3] *See Ring v. Estee Lauder, Inc.,* 874 F.2d 109 (2d Cir.1989); *Deering Milliken, Inc. v. Quaker Fabric Corp.,* 187 U.S.P.Q. 288, 290 (S.D.N.Y.1975); *see also* Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.03[B][2][b] (1999) ("[I]f the only original aspect of a work lies in its literal expression, then only *a very close similarity, verging on the identical,* will suffice to constitute an infringing copy.").

79 F.Supp.2d 328, 329 (footnote in original) (emphasis added). Here, a fact-finder could find "a very close similarity, verging on the identical."

3. For then, copying jumps out at the viewer.

Hot Stuff's claim that its design was independently created by Anthea Davis, designated as "743", and purchased by Midori, Inc. in 1987, prior to the creation of TF 7459 in 1990, fails to support summary judgment because even if 743 was created prior to TF 7459, it is not sufficiently close to the eventual Hot Stuff blouse in appearance to be regarded as either the same design, for while the idea is not dissimilar, the expression is, particularly in the face of the striking similarity between the Queenie design and the eventual Hot Stuff design.

In summary, Hot Stuff has failed to rebut the presumption of the copyright's validity and has failed to persuade the Court that a trier of fact could *not* find copying. Accordingly, Hot Stuff's motion for summary judgment and attorneys fees is therefore denied.

So ordered.