**QUEENIE, LTD., Plaintiff,**

**v.**

**SEARS, ROEBUCK & CO., Defendant.**

**No. 98 CIV. 7433(RO).**

United States District Court,
S.D. New York.

Dec. 7, 2000.

Louis S. Reich, Reich & Reich, New York, New York, for plaintiff.

Richard M. LaBarge, Gregory C. Mayer, Marshall, O'Toole, Gerstein, Murrary & Borun, Chicago, Illinois, Howard C. Crystal, Novack Burnbaum Crystal LLP, New York, New York, for defendant.

## OPINION AND ORDER

OWEN, District Judge.

This is one of a number of actions for copyright infringement of a certain fabric design, all of which are before me. Pursuant to Fed.R.Civ.P. 56, defendant Sears, Roebuck and Co. now moves for summary judgment on the grounds that plaintiff Queenie, Ltd. cannot establish copying of any protectible element or elements of the aforementioned fabric design. For the reasons set forth below, defendant's motion is granted.

In 1990, Timney–Fowler Design Studio in London created a design known as TF 7459. In 1991, Timney–Fowler sold the design designated as TF 7459, including copyright, to Equipment, a French apparel manufacturing company with offices in Paris. In July 1995, Queenie purchased a design designated as TF 7459, including copyright, from Equipment. Queenie then registered a design designated as "TF 7459 (Box Design)" with the Copyright Office on August 10, 1995.[1]

Since approximately 1995, Queenie has been manufacturing and distributing ladies' blouses which display the tile print design registered with the Copyright Office. Queenie claims that Sears infringed on its copyright by manufacturing and sell-

---

1. As a reader might conclude from the phrasing of these sentences, and for the purposes of this motion, I take no position as to whether or not the design transferred from Timney–Fowler to Equipment and then from Equipment to Queenie was in fact the same design.

ing blouses bearing a tile print pattern.[2] Black and white copies of the disputed designs, somewhat reduced in size, are in Appendices A and B hereto.

Summary judgment is appropriate only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that no genuine factual dispute exists and all ambiguities and inferences drawn from the underlying facts must be resolved in favor of the non-moving party. *See LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir.1995). "Rule 56(e) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To establish copyright infringement, Queenie must demonstrate that (1) Sears has actually copied Queenie's work and that (2) the copying is illegal because a substantial similarity exists between the Sears design and the protectible elements of Queenie's tile print. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir.1995). Sears does not dispute the validity of Queenie's copyright for the purposes of this motion.

Defendant's motion, moreover, does not focus on the first prong of the infringement test; thus, essentially leaving undisputed whether Sears had access to the copyrighted design and, further, whether the similarities between Queenie's tile print and the Sears design are probative of copying. Rather, Sears assumes the first and concentrates on the second prong of the infringement query, asserting that its garments are not "substantially similar" to Queenie's.

■ Before turning to the "substantially similar" inquiry, it should be noted that the scope of Queenie's copyright is narrow. Queenie's tile print incorporates items and shapes which have been in the public domain for centuries. Specifically, boxes, both regular and irregular, staggered or straight, as well as rips and tears, do not automatically come within copyright law's umbrella of protection. One cannot simply copyright the idea of arranging boxes and tears. Only the expression of that idea can receive copyright protection.[3] *See Mattel, Inc. v. Azrak–Hamway Int'l. Inc.*, 724 F.2d 357, 360 (2d Cir.1983). "[T]he plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing an idea, not merely that he expressed the same idea. The means of expression are the artistic aspects of the work; the mechanical or utilitarian features are not protectible." *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir.1994).

■ As observed in previous related decisions,[4] the test for substantial similari-

2. In its submissions to the Court, Sears asserts that its design was simply a "test product on which Sears' total revenues were less than $3000 more than the cost of the goods." *See* Def.'s Mem. of Law in Supp. of its Mot. for Summ. J., dated August 1, 2000, at 1.

3. Queenie embraces this position in its submission to the Court: "[I]t is Timney Fowler's *particular expression* of these various design elements which results in the original, protectable [sic] work of art identified as TF 7459. Moreover, it is the *entirety of the design*—the combination of elements which to-

gether form a complete work—that is original to its author and, consequently, it is *the entirety of the design* which must be compared against defendant's accused work when determining the issue of substantial similarity." Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J., dated September 1, 2000, at 9 (emphasis in original).

4. *See Queenie, Ltd. v. Hot Stuff, Inc.*, 102 F.Supp.2d 512 (S.D.N.Y.2000); *Queenie, Ltd. v. Casual Corner Group, Inc.*, 79 F.Supp.2d 328 (S.D.N.Y.1999); *Queenie, Ltd. v. Nota-*

ty is whether "the ordinary observer, unless he set out to detect disparities, would be disposed to overlook them and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960). Where, as here, the design contains both protectible and unprotectible elements, the inspection must be "more discerning"—the court "must attempt to extract the unprotectible elements ... from consideration and ask whether the protectible elements, standing alone, are substantially similar." *See Knitwaves*, 71 F.3d at 1002. Finally, I must examine the "total concept and feel" of the two designs in determining whether the Sears design infringes upon Queenie's copyright. *Id.* at 1003 (quoting *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir.1982)) (internal quotes omitted).

■ In this case, it is difficult to extract which particular elements of the Queenie garment are protectible and which are unprotectible.[5] For example, is it placement of a pink square next to a mauve square? A smeared green square with an edge touching an orange square? Certainly the entire body of copyright law does not revolve around such refined and impossible distinctions. Common sense would instruct, therefore, that it is only the particular expression of the Queenie garment—that is, the *exact* expression resulting from the arrangement, colors, textures, rips, etc.—that can be protected by the copyright law. In other words, infringement would result only from a garment virtually identical to Queenie's but featuring a different label. In that case, a rose by another name would still be a rose. The state of the law accords with this common sense conclusion. This Court has noted that, "one cannot copyright a box or a rip." *Queenie, Ltd. v. Notations, Inc. et al.*, 1999

WL 1044368, at *5 (S.D.N.Y. Nov.18, 1999). To the extent that works are similar in ideas and general concepts, those similarities are not infringements. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1507 (9th Cir.1987). Furthermore, similarity in expression is non-infringing when the nature of the creation makes such similarity necessary. *See Past Pluto Prods. Corp. v. Dana*, 627 F.Supp. 1435, 1444 (S.D.N.Y.1986). This "indispensable copying" is infringing only if the works are virtually identical.[6] *See Ring v. Estee Lauder, Inc.*, 874 F.2d 109–110 (2d Cir. 1989); *Deering Milliken, Inc. v. Quaker Fabric Corp.*, 187 U.S.P.Q. 288, 290 (S.D.N.Y.1975); *see also* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 13.03[B][2][b] ("[I]f the only original aspect of a work lies in its literal expression, then only a very close similarity, verging on the identical, will suffice to constitute an infringing copy.").

■ Queenie and Sears provided the Court with the actual garments at oral argument. Having examined both garments and considered the arguments of counsel, I conclude that the two garments are similar in ideas and general concepts. Both garments incorporate multi-colored squares posited against dark backgrounds. The edges of the squares on both garments appear torn, wrinkled or ripped. Although the squares are somewhat closer together on the Queenie garment, both garments feature a checkerboard layout. The garments also share, in some areas, similar texture and shading treatments which distort the colors contained within the squares. However, while color differences standing alone are not controlling criteria, here, the entire pallette of the Queenie garment, and TF 7459 (Box Design), is significantly lighter than the Sears design. The interaction between light col-

---

tions, Inc., 1999 WL 1044368 (S.D.N.Y. Nov.18, 1999).

**5.** The Second Circuit has commented, "[T]he process of separating the unprotected idea from the protected expression can sometimes

be arduous." *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir.1982).

**6.** For then, copying jumps out at the viewer.

ors on a dark background gives the viewer a substantially different feel than the interplay between dark colors against a dark background. Thus, I can and do consider color aspects as one factor to be considered in determining infringement. *See Knitwaves,* 71 F.3d at 1004–1005 (considering color and citing *Novelty Textile Mills v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 (2d Cir.1977)). Examining the rips, tears and contours between the squares, I note that many of these features are different. In certain spots, the Queenie garment's tears are pronounced and bulging while the Sears edges appear more uniform and consistent. Finally, the size of the boxes utilized in both garments is different and the Sears design is clearly not a minimized reproduction of the Queenie design. The edge of a Queenie square, in most areas, is approximately one inch longer than the edge of a Sears square. *See Eden Toys, Inc. v. Marshall Field & Co.,* 675 F.2d 498, 500 (2d Cir.1982) (considering specific size of the elements contained in snowman design); *Beeba's Creations, Inc. v. Details Sportswear, Inc.,* No. 92 Civ. 6611, 1994 WL 268241, at *2 (S.D.N.Y. June 15, 1994) (holding size of the elements a factor to be considered in assessing substantial similarity).

■ There is one final issue to be addressed arising from the following. Queenie's counsel presented some evidence that Sears had unlawfully appropriated TF 7459 on a prior occasion. Counsel represented that Sears and Queenie settled a prior suit and provided the Court with two garments bearing a virtually identical color scheme and the disputed tiled design. Although the terms of the settlement and the underlying facts of the previous dispute are not before this Court, an inference may be drawn on this summary judgment motion that Sears was chargeable with knowledge of Queenie's design. Put simply, drawing an inference in Queenie's favor, as I must, it is unlikely that the Sears design was created without knowledge of Queenie's garment. Queenie contends that Sears has continually worked off the tile print and attempted to avoid infringement by making slight changes to the original design.[7] Assuming Queenie's proffered facts, the question is whether Sears altered the design enough so that its garments are not substantially similar to Queenie's. As the Court of Appeals noted, "[W]hile no plagiarist can excuse the wrong by showing how much of his work he did not pirate, a defendant may legitimately avoid infringement by intentionally making sufficient changes in a work which would otherwise be regarded as substantially similar to that of the plaintiff's." *Knitwaves,* 71 F.3d at 1002. Such is the case here for the reasons detailed earlier. Even assuming the defendant simply made a "knock-off" of the Queenie design, the Sears garment altered the palette of colors, the fabric, the size of the boxes and the appearance of the tears and rips. Such alterations preclude a finding of substantial similarity.

Although the issue of substantial similarity is a factual one, summary judgment is appropriate based upon my review of the record and conclusion "... that as a matter of law a trier of fact would not be permitted to find substantial similarity." *See Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 918 (2d Cir.1980).

7. At oral argument, Queenie agreed with the Court's statement regarding this issue. I stated, "Basically your position, I take it, is that against this history, the issue ... is in wanting to market these tiles [,] [Sears] keep[s] moving farther and farther away from what they started off with, because you are giving me now [garments] from the prior suit, and I think there you have what you tell me are similar stars and so on and so forth, and you are saying your question is at this point [:] have they [Sears] sufficiently moved away from that to have crossed some legal line, or artistic line." (Transcript of Oral Argument, dated September 22, 2000, at 13–14). Queenie responded. "My position [on that issue] is no." (*Id.* at 14). Sears also agreed with the Court's summary of this issue in stating, "The issue is whether the Sears garment is far enough away from the line that it doesn't include protectible expression." (*Id.* at 17).

Accordingly, defendant's motion for summary judgment is granted.

So ordered.

## APPENDIX A - QUEENIE