EARTH FLAG LTD., a New York Corporation Plaintiff,

v.

ALAMO FLAG COMPANY, Ebay, Inc., MRCR Enterprises, Inc., Robert B. Goodspeed, Worldflags, Sharif Kesbeh, Robert P. Knerr d/b/a Walliphant, and John Does 5 through 10, Defendants.

No. 00 CIV. 3961(SAS).

United States District Court, S.D. New York.

May 17, 2001.

**350**

Joseph O. Sullivan, Joseph O. Sullivan &
Associates, Westwood, NJ, for Plaintiff.

H. Nicholas Goodman, Hoong Nan
Young, Quirk and Bakalor, P.C., New York
City, for Defendant Alamo Flag Company.

Harvey Shapiro, Sargoy, Stein, Rosen &
Shapiro, New York City, for Defendant
eBay, Inc.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Earth Flag Ltd. ("EFL") is suing defendants, Alamo Flag Company ("Alamo"), eBay, Inc. ("eBay"), MRCR Enterprises, Inc. ("MRCR"), Robert B. Goodspeed, Worldflags, Sharif Kesbeh, Robert P. Knerr d/b/a Walliphant, and John Does 5 through 10, for copyright infringement of EFL's flag bearing a public domain photograph of Earth taken from outer space ("Earth Flag").[1] Plaintiff also asserts state law claims of conversion, quantum meruit, tortious interference with contractual rights, and tortious interference with prospective economic advantage. Both Alamo and eBay now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff cross-moves for summary judgment. For the reasons stated below, defendants' motions are granted and plaintiff's cross-motion is denied.

### I. LEGAL STANDARD

Rule 56 provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue of fact is 'material' for these purposes if it might

---

1. On September 18, 2000, EFL settled with Worldflags and Kesbeh and dismissed the action as against those two defendants. Court records indicate that Knerr was never served.

affect the outcome of the suit under the governing law [while] [a]n issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Shade v. Housing Auth. of City of New Haven,* 251 F.3d 307, 314 (2d Cir.2001) (quotation marks and citations omitted). "In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." *Flanigan v. General Elec. Co.,* 242 F.3d 78, 83 (2d Cir.2001).

## II. BACKGROUND

### A. Parties

EFL is a California corporation with offices in Maspeth, New York, and is the owner of the copyright in the Earth Flag. *See* 1/31/01 Affidavit of Henry A. Waxman, President and Sole Shareholder of EFL ("Waxman Aff."), ¶ 2. Alamo is a corporation in the business of selling a large variety of flags and flag related items, and owns a retail store in New York City. *See id.* ¶ 27; Alamo Rule 56.1 Statement ("Alamo 56.1") ¶ 11. eBay is a Delaware corporation, with its principal place of business in San Jose, California. *See* eBay Inc.'s Statement of Undisputed Facts ("eBay 56.1") ¶ 7. It operates a website that permits users to both sell and buy a wide variety of merchandise to each other in an auction-style format. *See id.* ¶ 8. eBay has created a Verified Rights Owner ("VeRO")

program, designed to enable rights holders to notify eBay of infringing listings and to request their removal.[2] *See id.* ¶¶ 18, 35. Plaintiff contends that eBay permitted defendants MRCR, Goodspeed, and Knerr, among others, to place on its website flags that plaintiff alleges infringe plaintiff's copyright in the Earth Flag.[3] *See* EFL's Rule 56.1 Statement ("Pl.56.1") ¶ 23a; Am. Compl. ¶¶ 4–6.

### B. The Earth Flag and the "Imitation" Flags

The Earth Flag was first designed over thirty years ago by John McConnell. *See* Pl. 56.1 ¶ 3a. Since May 16, 1997, however, EFL has been the exclusive owner of the copyrights to the Earth Flag.[4] *See id.* ¶¶ 3b–3h. EFL markets and sells its Earth Flag (under the name "Authentic Earth Flag") in different dimensions, the most important of which is a 3 foot by 5 foot flag which sells for approximately $50.00. *See* Waxman Aff. ¶ 26. The Earth Flag consists of two identical circular photographs of Earth taken from space, sewn onto each side of a dark blue synthetic fabric. A strip of white fabric is sewn onto one of the shorter ends of the flag, and a grommet is attached to each of the white strip's corners, thus permitting the flag to be flown horizontally or vertically as a banner. Since its creation, the Earth Flag has become closely associated with the environmental movement and "Earth Day". *See id.* ¶¶ 8–10.

---

2. The person in charge of the VeRo program is eBay's "designated agent" in charge of receiving infringement notifications as provided for in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c)(3). *See* eBay 56.1 ¶ 18.

3. MRCR is a corporation with an office located in Katy, Texas. *See* Amended Complaint ("Am.Compl.") ¶ 4. Goodspeed is an individual who resides in Katy, Texas. *See id.* ¶ 5. Robert Knerr d/b/a Walliphant is an individu-

al who resides in Saylorsburg, Pennsylvania. *See id.* ¶ 6.

4. Defendants contend that EFL owns only the exclusive marketing and distribution rights for the Earth Flag. *See* Alamo 56.1 ¶ 3; eBay 56.1 ¶ 4. Because all reasonable inferences are drawn in favor of the non-moving party, plaintiff is deemed the owner of all right, title, and interest in and to the Earth Flag for purposes of defendants' motion for summary judgment.

McConnell's Earth Flag was awarded a copyright in 1969. *See* Pl. 56.1 ¶ 3a. A second, slightly modified, Earth Flag was copyrighted as a work of art on March 28, 1990.[5] *See id.* ¶ 3c. The Certificate of Copyright Registration states the following under the heading "Material Added To This Work": "Replace earth image of original Earth Flag with a reproduction of another Apollo photograph by using a lithographic process." *Id.;* 3/28/90 Certificate of Copyright Registration, Ex. D to Waxman Aff., at 2. On March 30, 1990, a supplemental registration was filed, which "amplified" the nature of the work as follows:

> Coverage is of the flag or banner, regardless of size, representing the image of the Earth as taken from outer space by the Apollo mission, reproduced on a dark blue or black background, and the replication or reproduction thereof in any way, on any media or material.

Pl. 56.1 ¶ 3d.

The photograph used to produce the Earth Flag was taken on NASA's Apollo space mission and, as plaintiff admits, is in the public domain. *See* Alamo 56.1 ¶ 7; Pl. 56.1 ¶ 7. In that photograph, the Earth appears against a dark blue backdrop of space. *See* Pl. 56.1 ¶ 7a.

On May 23, 2000, Waxman purchased at one of Alamo's retail stores a 3 foot by 5 foot flag bearing a public domain photograph of Earth taken from space on a light blue background ("Alamo Flag"). *See* Alamo 56.1 ¶ 12. The Alamo Flag, like the Earth Flag, includes a white strip of fabric with grommets at its corners. The photograph of Earth on the Alamo Flag is different than that displayed on EFL's Earth Flag. For example, while the Arabian Peninsula is visible on the Earth Flag, it is not visible on the Alamo Flag. Both the photograph of Earth and the fabric used for the Alamo Flag are of lesser quality than EFL's Earth Flag.[6] *See* Waxman Aff. ¶ 29. Accordingly, the Alamo Flag, listed as "Earth" in its catalogue, is less expensive than EFL's Earth Flag. *See* Alamo Flag Company Catalogue, Ex. H to 1/18/01 Affidavit of H. Nicholas Goodman ("Goodman Aff."), counsel to Alamo Flag Company, at 3, 4.[7]

On approximately February 28, 2000, Waxman learned of "imitation" earth flags being auctioned on eBay's website. Waxman Aff. at ¶¶ 44–45. On February 28, 2000, Waxman allegedly sent eBay an e-mail message complaining of the infringing flags. *See id.* ¶ 46. eBay has been unable to locate this message and Waxman has been unable to provide a copy of the confirmation that it had been received. *See* eBay 56.1 ¶ 25. Plaintiff did not avail itself of eBay's VeRO program. *See id.* ¶¶ 18, 35.

## III. DISCUSSION

### A. Alamo's Summary Judgment Motion

▮▮▮▮ In a suit for copyright infringement, a plaintiff must establish that: (1) it owns a valid copyright; and (2) the defen-

---

**5.** Earth Flag Corporation ("EFC") filed this Certificate of Registration. *See* Pl. 56.1 ¶ 3c. EFL purchased the rights to the Earth Flag from EFC on May 16, 1997. *See id.* ¶¶ 3h, 4a. Throughout this Opinion, "Earth Flag" refers to this second Earth Flag which was the subject of the 1990 Certificate of Registration.

**6.** While the photograph of the Earth is sewn onto each side of the Earth Flag, the photograph of the Earth is placed on the Alamo Flag through what appears to be a silkscreen process.

**7.** Depending on the material used, the price for the 3 foot by 5 foot Alamo Flag ranges from $29.00 to $35.90. *See* Alamo Flag Company Catalogue at 3.

dants copied original constituent elements of the work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 674, 679 (2d Cir.1998), *cert. denied sub nom West Publ'g Co. v. HyperLaw, Inc.*, 526 U.S. 1154, 119 S.Ct. 2039, 143 L.Ed.2d 1048 (1999). A plaintiff may prove the second element circumstantially by showing that: (1) the defendants had access to the copyrighted work; and (2) that the allegedly infringing material is "substantially similar" to copyrightable elements of plaintiff's work. *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir.1992).

Alamo contests both elements, contending that the Earth Flag is not entitled to copyright protection because it lacks any original elements, and that the Alamo Flag is not substantially similar to the Earth Flag.[8]

### 1. Copyrightability

■ While the Copyright Act provides that a certificate of copyright registration is "prima facie evidence" that the copyright is valid, 17 U.S.C. § 410(c), the registration certificate creates only a rebuttable presumption that the work is copyrightable. *See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.1997); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980) ("[A] certificate of registration creates no irrebuttable presumption of copyright validity."). Thus, validity should not be assumed where other evidence casts doubt upon the integrity of the copyright. *See Durham Indus.*, 630 F.2d at 908.

■ Plaintiff concedes that the photograph of the Earth on the Earth Flag is in the public domain. *See* Pl. 56.1 ¶ 7. Accordingly, the Earth Flag must be analyzed as a "derivative work" of that "preexisting" public domain photograph. 17 U.S.C. § 101.[9] Although derivative works are protectable, copyright protection extends only to the non-trivial, original contributions of the derivative work's author. *See* 17 U.S.C. § 103(b); *Durham Indus.*, 630 F.2d at 909.[10] This is consistent with the broader understanding that "[t]he *sine qua non* of copyright is originality." *Feist*, 499 U.S. at 345, 111 S.Ct. 1282.

■ The term "original" means only that the work was independently created by the author, rather than copied from other works, and that it possesses a modicum of creativity. *See Matthew Bender*, 158 F.3d at 681. Although the standard of originality is low, it is not without effect. A work must possess more than a *de minimis* quantum of creativity. *See Feist*, 499

---

**8.** eBay joins in Alamo's contention that the Earth Flag is not entitled to copyright protection. *See* Memorandum of Law in Support of eBay Inc.'s Motion for Summary Judgment ("eBay Mem.") at 16.

**9.** The Copyright Act of 1976 defines a "derivative work" as:

[A] work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted.

17 U.S.C. § 101.

**10.** The Copyright Act provides:

The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. § 103(b).

U.S. at 362, 111 S.Ct. 1282. In deciding whether a derivative work contains any non-trivial original contributions, a court must be guided by certain principles of copyright law, three of which are relevant here. *First,* copyright protection is granted to the particular expression of an idea, not the idea itself. *See* 17 U.S.C. § 102(b).[11] *Second,* a copyright claimant's production of a work of art in a different medium cannot by itself constitute the originality required for copyright protection because no one can claim to have independently evolved any particular medium. *See L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486, 491 (2d Cir.1976). *Third,* the requirement of originality cannot be satisfied by a demonstration of manufacturing skill, physical skill, or some specialized training. Rather, the copyright holder must demonstrate "true artistic skill". *Id.; Durham Indus.,* 630 F.2d at 910.

■ Applying these principles here, it is apparent that the Earth Flag has no non-trivial, original component that entitles it to copyright protection. The Earth Flag is nothing more than a public domain photograph transferred from the medium of paper to the medium of fabric. Even though reproduction in the new medium of fabric required some skill and vision, that does not render the Earth Flag protectable. In *L. Batlin & Son,* 536 F.2d at 491, the Second Circuit rejected a similar claim that reproducing a plastic version of a cast iron "Uncle Sam" toy coin bank in the public domain is sufficiently original to support a copyright. In holding that the "translation [of a work of art] to a different medium" is "merely a trivial variation", the Court of Appeals quoted Professor

Nimmer's suggestion that a contrary rule would lead to "'the ludicrous result that the first person to execute a public domain work of art in a different medium thereafter obtains a monopoly on such work in such medium, at least as to those persons aware of the first such effort.'" *Id.* (quoting 1 M. Nimmer, *The Law of Copyright* § 20.2, at 94 (1975)). *See also Past Pluto Prods. Corp. v. Dana,* 627 F.Supp. 1435, 1443 (S.D.N.Y.1986) (rejecting the contention that a foam hat resembling the crown of the Statue of Liberty is entitled to copyright protection because "the mere transposition of the Statue of Liberty into the infinitely more mundane medium of flat foam does not constitute the originality necessary to sustain a claim of copyright.").

Additionally, none of the other features of plaintiff's Earth Flag contain any original expression. The color of the fabric of the Earth Flag is not at all original because it merely corresponds to the dark blue backdrop of space in the NASA photograph. *See* Pl. 56.1 ¶ 7a; *see also Past Pluto,* 627 F.Supp. at 1441 (holding that design of foam hat modeled on Statue of Liberty was not original because the seven spikes of the hat correspond to the seven spikes of the crown of the Statue of Liberty and because plaintiff's use of green foam was attributable solely to the fact that the Statue of Liberty's copper surface was weathered and green). Furthermore, the grommets on the Earth Flag are "purely functional, non-artistic" features which permit the fabric to hang as a banner or fly as a flag. *Past Pluto,* 627 F.Supp. at 1442 ("[A]lthough it could be argued that plaintiff's disposition of the

---

**11.** Section 102(b) of the Copyright Act provides:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b).

hole [in the foam hat] for the purchaser's head is in some sense an original feature of the hat's design, it would probably be more accurate to regard this 'purely functional, non-artistic' aspect of plaintiff's hat as beyond the scope of copyright protection."); *see also Durham Indus.,* 630 F.2d at 913 ("Just as copyright protection extends to expression but not ideas, copyright protection extends only to the artistic aspects, but not the mechanical or utilitarian features, of a protected work.").

Plaintiff, however, contends that the Earth Flag should be "rewarded" with a copyright because "John McConnell had the creative spark to take the NASA photograph, place it on a flag, file[ ] a copyright in the U.S. Copyright Office and begin to make it a symbol of a movement for peace and later ecology." Earth Flag Limited's Memorandum of Law ("Pl. Mem.") at 14. Plaintiff further argues that McConnell's successors should be rewarded because they continued the efforts to popularize and create a market for the Earth Flag. *See id.* at 14–15. Not surprisingly, plaintiff cites no precedent for this argument. Indeed, such a broad interpretation "would simply put a weapon for harassment in the hands of mischievous copiers intent on appropriating and monopolizing public domain work." *L. Batlin & Son,* 536 F.2d at 492; *see also Woods v. Bourne Co.,* 60 F.3d 978, 990 (2d Cir.1995) (stating that too low a threshold for finding derivative works original could " 'giv[e] the first [derivative work] creator a considerable power to interfere with the creation of subsequent derivative works from the same underlying work.' ") (quoting *Gracen v. Bradford Exch.,* 698 F.2d 300, 305 (7th Cir.1983)). Simply put, plaintiff seeks a reward for the hard work of its predecessors in developing and popularizing the Earth Flag. However, in *Feist,* 499 U.S. at 354, 111 S.Ct. 1282, the Supreme Court rejected the "sweat of the brow" doctrine

and emphasized that the doctrine "flout[s] basic copyright principles"—most notable of which is the originality requirement.

Plaintiff, however, urges a more restricted reading of *Feist,* arguing that although "sweat of the brow" is not sufficient alone to confer copyright protection, it can be considered as a factor when deciding to extend copyright protection. *See* Pl. Mem. at 18. Plaintiff's argument is unconvincing. As stated by the Second Circuit:

> *Feist* put to rest the "sweat of the brow" doctrine in copyright law. The rationale of that doctrine "was that copyright was a reward for the hard work that went into compiling facts." The Court flatly rejected this justification for extending copyright protection, noting that it "eschewed the most fundamental axiom of copyright law—that no one may copyright facts or ideas."

*Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 711 (2d Cir.1992) (citations omitted). To permit "sweat of the brow" to be a factor in the analysis of copyrightability would resurrect that which Congress killed with its 1976 revisions to the Copyright Act, which left *"no doubt* that originality, not 'sweat of the brow,' is the touchstone of copyright protection ...." *Feist,* 499 U.S. at 359–60, 111 S.Ct. 1282 (emphasis added). In any event, plaintiff has not demonstrated *any* original elements of the Earth Flag. It does not seek to use "sweat of the brow" as *a* factor, but as the *only* factor warranting copyright protection.

Plaintiff also argues that the holding in *Feist* should be limited to its subject matter of telephone directories. *See* Pl. Mem. at 18 n. 6. It is well established, however, that the underlying tenets of *Feist* inform the entire body of copyright jurisprudence. *See Altai,* 982 F.2d at 711 (rejecting "sweat of the brow" doctrine in determin-

**356**

ing whether computer program is copyrightable). Moreover, these same tenets have been applied in the context of reproductions of art. Our Court of Appeals has long emphasized that the hard work and special skill involved in reproducing derivative works of art cannot confer copyright protection, but that "[a] considerably higher degree of skill is required, true artistic skill, to make the [work] copyrightable." *L. Batlin & Son,* 536 F.2d at 491.

In short, the work and energy expended in developing the Earth Flag, filing certificates of registration, marketing it and popularizing it as a symbol for the environmental movement neither demonstrate "true artistic skill" nor contribute to the Earth Flag's protectability. Accordingly, EFL has failed to establish a prima facie case of infringement. This reason alone entitles all defendants to summary judgment. *See Cantor v. NYP Holdings, Inc.,* 51 F.Supp.2d 309, 311 (S.D.N.Y.1999) ("Defendants are entitled to summary judgment on [their copyright infringement] claim if they can show that at least one requisite element of the claim cannot be proven.") (quotation marks and citation omitted).

### 2. Proof of Copying

Although nothing further is needed to dismiss this case, the evidence permits dismissal on another ground—that plaintiff has been unable to satisfy the second prong of its prima facie case. In the absence of direct proof of copying, which plaintiff has failed to present, plaintiff may satisfy the second prong of a prima facie case of copyright infringement by showing access to the copyrighted work and substantial similarity. *See Arica Inst.,* 970 F.2d at 1072. Here, because the Earth Flag is a well-known work, it must be assumed that defendants had access to it.

Therefore, proof of copying may be equated with proof of substantial similarity.

Whether one work is substantially similar to another is determined by the "ordinary observer" test. First formulated by Judge Learned Hand in *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960), the Second Circuit has restated the test as follows: "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab–Lu Ltd.,* 360 F.2d 1021, 1022 (2d Cir.1966). However, where a court compares products that contain both protectable and unprotectable elements, its inspection must be "more discerning" and it must attempt to extract the unprotectable elements from its consideration and ask whether the protectable elements, standing alone, are substantially similar. *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1003 (2d Cir.1995). The Second Circuit recently reiterated:

[N]ot all copying from copyrighted material is necessarily an infringement of copyright. There are elements of a copyrighted work that are not protected even against intentional copying. It is a fundamental principle of our copyright doctrine that ideas, concepts, and processes are not protected from copying.

*Attia v. Society of the New York Hosp.,* 201 F.3d 50, 54 (2d Cir.1999); *see also Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.,* 25 F.3d 119, 123 (2d Cir.1994) ("[T]he plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing an idea, not merely that he expressed the same idea."). Out of this fundamental principle emerges a "corollary maxim that even expression is not protected in those instances where there is only one or so few ways of expressing an idea that protection of the expression would effectively accord protection to the

idea itself." *Hart v. Dan Chase Taxidermy Supply Co.*, 86 F.3d 320, 322 (2d Cir. 1996) (quotation marks omitted).

Even assuming that the Alamo Flag and the Earth Flag bear the same NASA photo of the Earth, that photo is in the public domain, and therefore, is an unprotectable element of the Earth Flag. *See L. Batlin & Son*, 536 F.2d at 490 (" '[A] copy of something in the public domain will not, if it be merely a copy, support a copyright ....' ") (quoting *Gerlach–Barklow Co. v. Morris & Bendien, Inc.*, 23 F.2d 159, 161 (2d Cir.1927)). Moreover, although both flags have a blue background, the Earth Flag's dark blue color is an unprotectable feature of the Earth Flag. *See supra* Part II.A. Therefore, the only remaining similarities between the two flags are the similarity of idea and of function.

The fact that Alamo's work is a flag, that the Alamo Flag is of the same size as the Earth Flag, and that the Alamo Flag includes grommets does not render the two flags substantially similar. A contrary holding would grant plaintiff a monopoly over the idea of a flag bearing a photograph of the Earth from space, an outcome that the Copyright Act does not countenance. *See Durham Indus.*, 630 F.2d at 916 ("The most distinctive feature of the [original] dolls is their ability to walk or crawl, but it is clear from our discussion of the art/utility distinction that [the maker of the accused dolls] is free to copy not only the idea of walking or crawling dolls but the mechanism that makes such locomotion possible as well."); *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64, 65–66 (2d Cir.1974) (declining to extend copyright protection to "idea" of oval-shaped cluster of jewels atop plaintiff's turtle pin); *Meade v. United States*, 27 Fed. Cl. 367, 372 (1992) (holding that the postage stamp of a heart-shaped picture of Earth does not infringe a similar

design by the plaintiff because a heart-shaped picture of Earth is an idea not protectable by copyright).

Concededly, "no single principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression' ...." *Attia*, 201 F.3d at 54. The inquiry often turns on the level of generalization of the works being compared. Our Circuit continues to adhere to Judge Hand's well-known "abstractions" approach:

> Upon any work ... a great number of patterns of increasing generality will fit equally well, as more and more of the incident is left out. The last may perhaps be no more than the most general statement of what the [work] is about, and at times might consist of only its title; but there is a point in this series of abstractions where they are no longer protected, since otherwise the [author] could prevent the use of his "ideas," to which, apart from their "expression," his property is never extended.

*Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir.1930). Therefore, "an author who records an idea has no claim of copyright infringement against the taking of the idea. And if the idea is recorded at a very general level of abstraction, there may be little or nothing in the original work that is protected against copying." *Attia*, 201 F.3d at 55.

Here, the proper level of abstraction is the one recorded in the March 30, 1990 supplemental registration:

> Coverage is of the flag or banner, regardless of size, representing the image of the Earth as taken from outer space by the Apollo mission, reproduced on a dark blue or black background, and the replication or reproduction thereof in any way, on any media or material.

Pl. 56.1 ¶ 3d. Clearly, plaintiff seeks to protect the idea of a flag with a photo-

graph of Earth from space and whose background resembles space's dark void.[12] There are only a limited number of ways of conveying this idea. By necessity, any such flag will resemble EFL's Earth Flag. *See Queenie, Ltd. v. Sears, Roebuck & Co.,* 124 F.Supp.2d 178, 181 (S.D.N.Y.2000) ("[S]imilarity in expression is non-infringing when the nature of the creation makes such similarity necessary."); *Past Pluto,* 627 F.Supp. at 1444 (finding that similarities in competing foam hats depicting the crown of the Statue of Liberty "are most accurately viewed as inevitable congruences rather than indicia of copying").

Because the similarities between the Alamo Flag and the Earth Flag concern only non-copyrightable elements of the Earth Flag, plaintiff has failed to establish the second prong of its prima facie case. Accordingly, Alamo is entitled to summary judgment. *See Warner Bros. Inc. v. Am. Broadcasting Cos.,* 720 F.2d 231, 240 (2d Cir.1983) ("[A] court may determine non-infringement as a matter of law on a motion for summary judgment [where] ... the similarity between two works concerns only non-copyrightable elements of the plaintiff's work.") (quotation marks and citation omitted); *Torah Soft Ltd. v. Drosnin,* 136 F.Supp.2d 276, 291–92 (S.D.N.Y. 2001) (granting summary judgment where

similarity between defendant's and plaintiff's work concerned only nonprotectable elements of plaintiff's work).

### B. eBay's Summary Judgment Motion

In its motion for summary judgment, eBay argues, *inter alia,* that (1) the copyright infringement claim against eBay is barred by the "safe harbor" provision of the DMCA, 17 U.S.C. § 512(c); and (2) the Communications Decency Act of 1996, 47 U.S.C. § 230, grants eBay immunity from plaintiff's state law claims. Having already decided that all defendants, including eBay, are entitled to summary judgment, *see supra* Part II.A.1, I shall refrain from analyzing these interesting questions of statutory interpretation—issues of first impression in this Circuit.

### C. The State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims that arise under state law where "the district court has dismissed all claims over which it has original jurisdiction." Because plaintiff's only federal claim has been dismissed, I decline to exercise supplemental jurisdiction over plaintiff's remaining state

---

**12.** Indeed, EFL's President and sole shareholder testified to his desire to protect the idea of an Earth Flag, not its expression:

> Q: [Y]ou're not claiming any copyright protection in the actual photograph, the NASA photograph, what you have called the source material that ended up on the flag?
>
> A: The source photo is public domain.
>
> Q: Right.
>
> A: Someone puts it on a flag, and I believe it's copywritten [sic] by us.
>
> Q: Okay. If they put that photo, the same photo, on a poster, the same blue background, you're not claiming that that's a copyright infringement, are you?
>
> A: No. I—I feel it has to be a flag.

> ....
>
> Q: Okay. As I understand it, you believe you have protection under this copyright for any photograph taken of the [E]arth from outer space if it is put on what you're calling a flag against either a blue or black background. Is that fair?
>
> A: Yes.
>
> ....
>
> Q: If I or someone took a photograph of the [E]arth taken from space and put it on what you define as a flag ... but the flag background is green, that doesn't constitute an infringement, does it?
>
> A. To me it does.

12/14/00 Deposition of Henry A. Waxman, Ex. C to Goodman Aff., at 97–98, 100, 102.

law claims.[13]  *See Martinez v. Simonetti,* 202 F.3d 625, 636 (2d Cir.2000) (directing dismissal of supplemental claims where no federal claims remained).

## IV.  CONCLUSION

For the reasons stated above, defendants' motions for summary judgment are granted and plaintiff's cross-motion for summary judgment is denied.  The Clerk of the Court is directed to close this case.

SO ORDERED.

13.  As a result of the decision not to exercise supplemental jurisdiction, it is unnecessary to reach the merits of Alamo's and eBay's argument that the Copyright Act preempts the state law claims.